State of Nebraska, appellee, v.
James P. Dragon, appellant.
___ N.W.2d ___

Filed February 21, 2014.    No. S-13-386.

1. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.

2. **Postconviction: Constitutional Law.** A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief.

3. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from post-conviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

4. **Postconviction: Constitutional Law: Proof.** In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.

5. **____: ____: ____.** A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

6. **Postconviction: Appeal and Error.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

7. **Constitutional Law: Effectiveness of Counsel.** A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial.

8. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. A court may address the two prongs of this test, deficient performance and prejudice, in either order.

9. **Effectiveness of Counsel.** In addressing the "prejudice" component of the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.

10. **Effectiveness of Counsel: Proof: Words and Phrases.** To show prejudice under the prejudice component of the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), there must be a reasonable probability that but for the deficient performance, the result of the proceeding would have

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

11. **Postconviction: Effectiveness of Counsel: Appeal and Error.** Where a defendant's trial counsel was also his or her appellate counsel, a postconviction proceeding is the defendant's first opportunity to claim that trial counsel provided ineffective assistance.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

James P. Dragon, pro se.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

James P. Dragon appeals the order of the district court for Douglas County in which the court denied his motion for postconviction relief without an evidentiary hearing. Dragon, acting pro se, sought relief with respect to his conviction for second degree murder, for which he was serving a sentence of imprisonment for 50 years to life. We affirm.

## STATEMENT OF FACTS

In 2006, Dragon was charged with second degree murder and use of a deadly weapon to commit a felony in connection with the shooting death of Edith Anne Moore. Pursuant to a plea agreement, Dragon pled guilty to second degree murder and the State dropped the weapon charge.

The factual basis for Dragon's plea showed that an attorney contacted Omaha police saying that Dragon had informed him that "something bad" had happened at Dragon's house the night before. Accompanied by the attorney, Dragon went to the police station and gave police consent to search his house. Police found what appeared to be blood in various parts of Dragon's house, and they found Moore's body on a plastic sheet in a basement bathroom. Police observed what appeared to be gunshot wounds to Moore's shoulder and back. An

autopsy showed that Moore had died of gunshot wounds, one of which pierced the aorta, heart, and lungs.

Investigators learned that Dragon and Moore had been in a relationship for some years but had broken up 6 months to a year earlier. In a police interview, one of Dragon's brothers said that Dragon had told him that something bad had happened to Moore and that he had done something he was going to regret. A second brother acknowledged that the murder weapon, which police found in the second brother's home, belonged to him but that he did not know it had left his house. Dragon's mother interrupted the interview of one of the brothers to say that "Jimmy" was sorry for what he had done.

The district court found Dragon guilty of second degree murder based on his plea and the State's factual basis. The court sentenced Dragon to imprisonment for a term of 50 years to life. A direct appeal was filed in which Dragon's sole assignment of error was that the sentence was excessive. On September 20, 2007, we granted the State's motion for summary affirmance in case No. S-07-620.

In August 2012, Dragon filed a pro se motion for postconviction relief in which he made claims of an excessive sentence and ineffective assistance of counsel in connection with his sentencing. The district court sustained the State's motion to deny an evidentiary hearing and dismissed Dragon's motion for postconviction relief.

In its order, the court characterized Dragon's postconviction claims as being claims that he received an excessive sentence and that his trial counsel was ineffective for (1) failing to present mitigating evidence and (2) promising that he would receive a specific sentence. With regard to Dragon's claim of an excessive sentence, the court determined that the claim was procedurally barred, because the issue of an excessive sentence had been raised and resolved against Dragon on direct appeal and a postconviction action could not be used to revisit or modify the sentence. With regard to Dragon's claim that counsel was ineffective for failing to present mitigating evidence which might bear on guilt, the court noted that Dragon did not allege any specific mitigating evidence

that counsel should have presented but did not present. To the extent that Dragon claimed mitigating facts should have been presented at sentencing, the court stated that the record contradicted Dragon's claim because it showed that counsel had presented mitigating evidence, including letters of support and argument regarding Dragon's cooperation with law enforcement, his successful completion of probation from a previous conviction for felony assault, and his acceptance of responsibility for his actions in this case. With regard to Dragon's claim that counsel was ineffective for promising that the court would impose a particular sentence, the court noted that the colloquy at Dragon's plea hearing indicated that Dragon specifically acknowledged that he understood that he could receive a life sentence, that no one had led him to believe he would receive a lesser sentence as a result of his plea, and that no promises had been made by anyone regarding his sentence. The court concluded that Dragon was not entitled to an evidentiary hearing, and it dismissed his motion for postconviction relief.

Dragon appeals the denial of his motion for postconviction relief without an evidentiary hearing.

## ASSIGNMENTS OF ERROR

Dragon generally claims that the district court erred when it rejected his claims of ineffective assistance of counsel and denied his motion for postconviction relief without an evidentiary hearing. He specifically asserts that counsel (1) promised that he would not receive a life sentence if he pled guilty and (2) failed to present mitigating evidence at the sentencing phase.

## STANDARDS OF REVIEW

[1-3] In appeals from postconviction proceedings, we independently resolve questions of law. *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013). A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim

for postconviction relief. *Id*. Thus, in appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *Id*.

## ANALYSIS

Dragon claims that the district court erred when it denied his claims of ineffective assistance of counsel without conducting an evidentiary hearing. He argues that a hearing was warranted on both his claim that counsel mistakenly advised him that he would not receive a life sentence if he entered a plea and his claim that counsel failed to present mitigating evidence during the sentencing phase. We find no merit to Dragon's assignment of error with respect to either claim.

[4] The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010); *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Gunther*, 278 Neb. 173, 768 N.W.2d 453 (2009); *State v. Jim*, 275 Neb. 481, 747 N.W.2d 410 (2008).

[5,6] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

[7,8] A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. See *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Robinson, supra*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

[9,10] In addressing the "prejudice" component of the *Strickland* test, a court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *State v. Robinson, supra*. To show prejudice under the prejudice component of the *Strickland* test, there must be a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. *State v. Robinson, supra*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

[11] Because Dragon's trial counsel was also his appellate counsel, this postconviction proceeding was his first opportunity to claim that his trial counsel provided ineffective assistance. See *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

Dragon makes two claims of ineffective assistance of counsel: (1) that counsel incorrectly advised him that he would not receive a life sentence if he entered a plea of guilty and (2) that counsel failed to present mitigating evidence during the sentencing phase. We conclude that the district court did not err when it rejected such claims without an evidentiary hearing.

As alleged in his postconviction motion, the first allegation appears to be a claim that trial counsel was deficient because he promised Dragon that Dragon would receive a number of years on the maximum end of his sentence instead of life imprisonment. The State suggests that even if trial counsel had promised a number of years at the top of the range, Dragon

suffered no prejudice, because his parole eligibility would be determined entirely by the low end of the range, in this case, 50 years. The State suggests that even if Dragon's allegation was correct, no hearing was necessary because ineffectiveness would not be established.

With regard to the alleged promise by counsel that Dragon would not receive a life imprisonment sentence if he entered a plea, the district court determined that, without regard to the State's argument noted above, the record refuted this claim. The district court noted that in response to questioning from the court at his plea hearing, Dragon acknowledged that he understood that he could receive a life imprisonment sentence and that no one had led him to believe he would receive a lesser sentence as a result of his plea. The court further noted that Dragon had unequivocally represented to the trial court that no promises had been made by anyone regarding his sentence. We agree with the district court's assessment of the record.

The record shows the following: The trial court asked Dragon, "Has anyone told you or led you to believe that if you entered a plea of guilt you would receive a light sentence or in any way [be] rewarded for so pleading?" Dragon responded, "No." The trial court then asked whether he understood that the court was "not bound by any recommendations as to sentencing by your attorney or the State." Dragon responded, "Yes, Your Honor." Upon our de novo review, we agree with the postconviction court's conclusion that the record, including the plea colloquy, refutes Dragon's claim that counsel promised him he would not receive a life imprisonment sentence.

We have previously held that when a defendant had unequivocally represented to the court at the plea hearing that no promises were made by anyone regarding the sentence to be imposed, the defendant was not entitled to an evidentiary hearing on his postconviction claim to the contrary. *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010). We apply this reasoning to the instant case, and we conclude that the court did not err when it denied this claim without an evidentiary hearing.

With regard to the alleged failure to present mitigating evidence at sentencing, the district court noted that Dragon did not set forth any specific mitigating evidence that counsel failed to present. The court further stated that the record refuted Dragon's claim, because it showed that counsel had presented mitigating evidence, including letters of support, and counsel had argued to the court that it should consider mitigating factors when it imposed a sentence. We agree with the district court's assessment of Dragon's allegations and of the record.

In his petition, Dragon generally claims that counsel failed to conduct a minimal investigation of mitigating circumstances and in particular failed to interview family members who could have disclosed information regarding Dragon's troubled past. The record refutes this argument. We note that at Dragon's sentencing, counsel drew the court's attention to the letters of support, which included letters from members of Dragon's family. Counsel at the sentencing hearing urged the court to note a theme from the letters that Dragon was suffering from depression at the time he killed Moore. Such evidence and argument demonstrate that Dragon's family members were contacted to provide letters of support and that these family members were aware of the need to provide information regarding Dragon's mental state. We further note that in addition to the letters, one member of Dragon's family spoke in support of leniency at the sentencing.

At the sentencing hearing, counsel urged the court to consider Dragon's remorse and his act of taking responsibility for what he had done. Counsel also noted Dragon's lack of an extensive criminal history. Dragon fails to identify how any additional mitigating evidence would have resulted in a different sentence.

When pronouncing sentence, the sentencing court acknowledged that Dragon's making a plea and sparing the victim's family from going through a trial was a mitigating circumstance. The sentencing court stated, however, that it also considered the circumstances of this crime and of Dragon's prior conviction for assaulting another former girlfriend under similar circumstances.

Upon our de novo review of the record, we agree with the court's conclusion that the record refutes Dragon's claim that counsel failed to present mitigating evidence. We conclude that the district court did not err when it denied this claim without an evidentiary hearing.

## CONCLUSION

We conclude the district court did not err when it determined that Dragon's motion for postconviction relief did not allege facts which constituted a denial of his constitutional rights and that as to certain matters, the record refuted his claims. The district court did not err when it denied Dragon's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.

––––––––––––––––

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. DOUGLAS D. PALIK, RESPONDENT.
___ N.W.2d ___

Filed February 21, 2014.    No. S-13-1030.

Original action. Judgment of disbarment.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by Douglas D. Palik, respondent, on November 22, 2013. The court accepts respondent's voluntary surrender of his license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 12, 1984. On September 21, 2012, respondent was suspended for a period of 1 year followed by a 1-year probationary term upon readmission because of