Upon our de novo review of the record, we agree with the court's conclusion that the record refutes Dragon's claim that counsel failed to present mitigating evidence. We conclude that the district court did not err when it denied this claim without an evidentiary hearing.

## CONCLUSION

We conclude the district court did not err when it determined that Dragon's motion for postconviction relief did not allege facts which constituted a denial of his constitutional rights and that as to certain matters, the record refuted his claims. The district court did not err when it denied Dragon's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.

———————

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Douglas D. Palik, respondent.
___ N.W.2d ___

Filed February 21, 2014.    No. S-13-1030.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by Douglas D. Palik, respondent, on November 22, 2013. The court accepts respondent's voluntary surrender of his license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 12, 1984. On September 21, 2012, respondent was suspended for a period of 1 year followed by a 1-year probationary term upon readmission because of

respondent's unprofessional handling of matters related to an estate. See *State ex rel. Counsel for Dis. v. Palik*, 284 Neb. 353, 820 N.W.2d 862 (2012). Respondent has not sought reinstatement of his license to practice law.

On November 22, 2013, respondent filed a voluntary surrender in which he stated that he is aware that after he was suspended on September 21, 2012, a new grievance was filed against him and an investigation was commenced by the Counsel for Discipline. In the voluntary surrender, respondent stated that he had commingled his personal funds with client funds in his client trust account and he described three instances over a period of 11 years in which he had mismanaged client funds in three different estates. In the voluntary surrender, respondent admitted that he violated his oath of office as an attorney and Neb. Ct. R. of Prof. Cond. §§ 3-501.3 and 3-501.15(d). Respondent further stated that he freely and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and that respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.