amount of time," that Gabriella deserved permanency sooner rather than later, and that Gabriella "needs to get out of the foster care system." We conclude the juvenile court did not err in finding that termination of Ricardo's parental rights was in Gabriella's best interests.

## CONCLUSION

Upon our de novo review, we conclude that the State proved by clear and convincing evidence that Ricardo abandoned Gabriella and that termination of his parental rights was in Gabriella's best interests. We reverse the decision of the Court of Appeals, and we remand the cause to the Court of Appeals with direction to affirm the judgment of the juvenile court.

REVERSED AND REMANDED WITH DIRECTION.

———————————

STATE OF NEBRASKA, APPELLEE, V.
RICKY J. SANDERS, APPELLANT.
___ N.W.2d ___

Filed October 24, 2014.   No. S-13-901.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Constitutional Law: Proof.** The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.

3. ____: ____: ____. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the

defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

4. **Constitutional Law: Effectiveness of Counsel.** A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial.

5. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. A court may address the two prongs of this test, deficient performance and prejudice, in either order.

6. **Constitutional Law: Criminal Law: Effectiveness of Counsel.** The federal Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not ensure that defense counsel will recognize and raise every conceivable constitutional claim.

7. **Effectiveness of Counsel.** The failure to anticipate a change in existing law does not constitute deficient performance.

8. ____. Counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in existing law does not constitute deficient performance.

9. **Investigative Stops: Motor Vehicles: Police Officers and Sheriffs: Probable Cause.** A traffic violation, no matter how minor, creates probable cause for an officer to stop the driver of a vehicle.

10. **Investigative Stops: Police Officers and Sheriffs: Probable Cause.** If an officer has probable cause to stop a violator, the stop is objectively reasonable and any ulterior motivation is irrelevant.

11. **Search and Seizure: Motor Vehicles: Police Officers and Sheriffs: Arrests: Evidence.** Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Jerry L. Soucie for appellant.

Ricky J. Sanders, pro se.

Jon Bruning, Attorney General, George R. Love, and James D. Smith for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ., and BISHOP, Judge.

Miller-Lerman, J.

## NATURE OF CASE

Ricky J. Sanders appeals the order of the district court for Douglas County denying his motion for postconviction relief without an evidentiary hearing. Sanders had been convicted of discharging a firearm at a dwelling while in or near a motor vehicle, in violation of Neb. Rev. Stat. § 28-1212.04 (Cum. Supp. 2012), and using a firearm to commit a felony. He contends that an evidentiary hearing should have been held on his ineffective assistance of counsel claims in which he asserted that trial counsel was deficient for failing to challenge the constitutionality of § 28-1212.04 and for failing to move to suppress evidence obtained from the stop and search of his vehicle.

Because counsel could not have been deficient for failing to raise a novel constitutional challenge to § 28-1212.04, the court did not err when it rejected Sanders' claim of ineffective counsel on this basis. We further conclude that the court did not err when it determined that the record showed that Sanders was not entitled to relief on his claim that counsel was deficient for failing to move to suppress evidence obtained from the stop and search of his vehicle. We therefore affirm the denial of Sanders' postconviction motion.

## STATEMENT OF FACTS

Sanders was convicted of discharging a firearm, in violation of § 28-1212.04, and a related charge of use of a firearm to commit a felony. The evidence at trial indicated that Sanders was the driver and one of two persons inside a vehicle from which gunshots were fired at a house in Omaha on May 21, 2011. The evidence included bullets and a shell casing that were found in a search of Sanders' vehicle. The jury was given an aiding and abetting instruction.

The evidence shows that police officers who responded to 911 emergency dispatch calls of shots being fired from a vehicle followed Sanders' vehicle because it met the description of the suspect vehicle. At one point, Sanders' vehicle violated traffic laws, but police awaited backup before stopping

the vehicle. The officers coordinated with other officers to block Sanders' vehicle. Following the stop, Sanders and his passenger were taken into custody. Officers standing near the vehicle saw numerous bullets inside the vehicle in plain view. An officer searched the vehicle and found over 30 bullets and a spent casing.

Sanders appealed his convictions to the Nebraska Court of Appeals, claiming that there was not sufficient evidence to support his convictions and that the district court had imposed excessive sentences. Sanders was represented by attorneys from the Douglas County public defender's office both at trial and on appeal. In case No. A-12-050, the Court of Appeals overruled Sanders' motions to remove counsel and appoint new counsel, and on July 9, 2012, the Court of Appeals summarily affirmed Sanders' convictions and sentences.

Sanders filed a pro se motion for postconviction relief. He asserted several layered claims of ineffective assistance of trial counsel and appellate counsel. Among the claims Sanders asserted in his 59-page motion were claims that counsel was ineffective for failing to challenge the constitutionality of § 28-1212.04 and that counsel was ineffective for failing to move to suppress evidence obtained from the warrantless search of his vehicle.

Section 28-1212.04, to which Sanders' constitutional argument is directed, was enacted in 2009 and amended in 2010. The statute is titled "Discharge of firearm in certain cities and counties; prohibited acts; penalty" and provides as follows:

> Any person, within the territorial boundaries of any city of the first class or county containing a city of the metropolitan class or primary class, who unlawfully, knowingly, and intentionally or recklessly discharges a firearm, while in any motor vehicle or in the proximity of any motor vehicle that such person has just exited, at or in the general direction of any person, dwelling, building, structure, occupied motor vehicle, occupied aircraft, inhabited motor home as defined in section 71-4603, or inhabited camper unit as defined in section 60-1801, is guilty of a Class IC felony.

With regard to the constitutional challenge, Sanders asserted in his postconviction motion that § 28-1212.04 violates Neb. Const. art. III, § 18, which prohibits the enactment of "local or special laws." He argued that the statute was facially unconstitutional as a local law because it applies only in certain cities and counties in the State and it therefore targets only the citizens of those cities and counties. He also argued that, as applied, the statute violated constitutional guarantees of equal protection because it targeted those areas that contain 95 percent of the State's African-American population.

With regard to the motion to suppress, Sanders asserted in his postconviction motion that the stop of his vehicle was not proper and that under the Fourth Amendment, the subsequent warrantless search of his vehicle was an illegal search. He argued that trial counsel should have moved to suppress evidence obtained from the search of the vehicle.

The district court denied Sanders' motion for postconviction relief without an evidentiary hearing and without appointing counsel. In the order denying postconviction relief, the court stated that Sanders "failed to show how he was prejudiced by his attorney's failure to [challenge the constitutionality of § 28-1212.04], or how the statute in question is somehow unconstitutional." The court further stated that Sanders' other claims of ineffective assistance were "conclusory, . . . refuted by the record, and . . . not pleaded in enough detail to warrant an evidentiary hearing." The court concluded that Sanders had "not alleged sufficient facts . . . which, if proved, would establish a reasonable probability that the outcome of his case would have been different but for his trial counsel's alleged deficient performance." The court therefore denied postconviction relief without an evidentiary hearing and without appointing counsel.

Sanders appeals the denial of his postconviction motion.

## ASSIGNMENTS OF ERROR

Sanders claims, restated, that the district court erred when it denied postconviction relief without an evidentiary hearing on his claims that counsel was deficient for (1) failing to challenge the constitutionality of § 28-1212.04 and (2) failing to

file a motion to suppress evidence obtained from the warrantless search of his vehicle.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014).

## ANALYSIS

As an initial matter, we note that although Sanders asserted numerous claims of ineffective assistance of counsel in his postconviction motion, on appeal, he assigns error to the district court's denial of only two claims of ineffective assistance of counsel: failure to challenge the constitutionality of § 28-1212.04 and failure to move to suppress evidence. The district court's denial of Sanders' remaining claims is affirmed.

Sanders' assignments of error on appeal relate to claims of ineffective assistance of counsel. We therefore review general propositions relating to postconviction and ineffective assistance of counsel claims before applying those propositions to the claims asserted by Sanders in this appeal.

[2] The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Dragon, supra*. Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id*.

[3] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an

infringement of the defendant's rights under the Nebraska or federal Constitution. *Id*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

[4,5] A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. *Id*. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Id*.; *State v. Dragon, supra*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

*Counsel Could Not Be Found Deficient for Failing to Raise a Novel Constitutional  Challenge, and Therefore, the District Court Did Not Err When It Denied the Claim Without an Evidentiary Hearing*.

Sanders claims that the court erred when it denied relief without an evidentiary hearing on his claim that trial and appellate counsel were ineffective for failing to challenge the constitutionality of § 28-1212.04, the statute under which he was convicted of discharging a firearm at a dwelling while in or near a motor vehicle. We conclude that the court did not err when it denied an evidentiary hearing on this claim, because counsel could not be found to be deficient for failing to raise a novel constitutional challenge.

Sanders' allegations with regard to this claim were that counsel failed both at trial and on direct appeal to challenge § 28-1212.04 as being unconstitutional as a special or local law in violation of Neb. Const. art. III, § 18. In order for Sanders to be granted an evidentiary hearing on this claim, he needed to show that if his allegations were proved, such failure infringed his constitutional rights to effective assistance of counsel.

In order to prevail on a constitutional claim of ineffective assistance of counsel, Sanders needed to show that counsel's performance was deficient and that such deficient performance prejudiced his defense. See *Strickland, supra*. The district court focused on the second prong of the *Strickland* test when it concluded that because Sanders failed to show that the statute was unconstitutional, he failed to show that his defense was prejudiced. Unlike the district court's approach, we conclude that Sanders' claim of ineffective assistance of counsel fails the first prong of the test because counsel's performance could not be found to be deficient for failing to raise a novel constitutional challenge. Although our reasoning differs from that of the district court, we agree that a purported failure to challenge the constitutionality of § 28-1212.04 does not afford relief.

[6] As we noted above, a claim of ineffective assistance of counsel alleges a violation of the fundamental constitutional right to a fair trial. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014). The U.S. Supreme Court recognized the limits of an ineffective assistance of counsel claim when it stated: "We have long recognized . . . that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not [e]nsure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982). In *Anderson v. U.S.*, 393 F.3d 749 (8th Cir. 2005), the U.S. Court of Appeals for the Eighth Circuit cited *Engle v. Isaac* when it determined that a counsel's performance was not constitutionally deficient. In *Anderson*, the court rejected the defendant's claim that counsel's failure to raise a constitutional challenge to his plea-based conviction was ineffective assistance of counsel. The Eighth Circuit Court stated that "[w]hile the argument, in hindsight, may have had merit, it was a wholly novel claim at the time," noting that no published opinion had addressed the issue. *Id.* at 754. The court concluded that "[c]ounsel's failure to raise this novel argument does not render his performance constitutionally ineffective." *Id.*

Courts in other jurisdictions have similarly concluded that "counsel's failure to advance novel legal theories or arguments does not constitute ineffective performance." *Ledbetter v. Commissioner of Correction*, 275 Conn. 451, 461, 880 A.2d 160, 167 (2005) (citing various cases). Such novel legal theories or arguments may include challenges to the constitutionality of the statute pursuant to which the defendant is convicted. In *Hughes v. State*, 266 Ga. App. 652, 598 S.E.2d 43 (2004), the court concluded that trial counsel's failure to challenge the statute pursuant to which the defendant was convicted as unconstitutionally vague was not ineffective assistance, because counsel was not required to anticipate changes in the law or pursue novel theories of defense. The court in *Hughes* noted that the defendant had not cited, and it had not found, any case addressing a similar constitutional challenge to the statute at issue.

[7,8] In a similar vein, we have stated that the failure to anticipate a change in existing law does not constitute deficient performance. *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011), citing *State v. Billups*, 263 Neb. 511, 641 N.W.2d 71 (2002). It logically follows, and we now conclude, that counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in existing law does not constitute deficient performance. We apply this proposition in the current case and conclude counsel were not deficient in their performance.

In the present case, Sanders asserts that counsel at his trial and on his direct appeal were deficient when they failed to challenge the constitutionality of § 28-1212.04. Sanders does not cite, and we do not find, cases raising similar challenges to the statute. This court has decided two published cases, *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013), and *State v. Ross*, 283 Neb. 742, 811 N.W.2d 298 (2012), which involved an earlier version of § 28-1212.04 that did not include amendments that were effective July 15, 2010. Neither case included or hinted at a challenge to the constitutionality of the statute. We determine that the constitutional challenge to § 28-1212.04 that Sanders asserts his counsel should have

made was a novel constitutional challenge at the time of his trial and direct appeal in 2011 and 2012. This is true whether the challenge would have related to language that has been in the statute since its enactment or whether it related to language that was added by the 2010 amendments.

We determine that counsel in this case could not have been shown to be deficient for failing to make a constitutional challenge to § 28-1212.04 and that therefore, Sanders could not show ineffective assistance of counsel. Although our reasoning differs from that of the district court, we conclude that the court did not err when it denied this claim without an evidentiary hearing.

*The Record Refutes the Claim That Counsel Was Ineffective for Failing to File a Motion to Suppress, and Therefore, the District Court Did Not Err When It Denied the Claim Without an Evidentiary Hearing.*

Sanders claims that the court erred when it denied relief without an evidentiary hearing on his claim that trial counsel was ineffective for failing to move to suppress evidence obtained as a result of the stop and search of his vehicle. We conclude that the court did not err when it determined that the record refutes this claim and denied this claim without an evidentiary hearing.

Sanders asserts two separate bases in support of his claim that counsel was ineffective for failing to move to suppress evidence. He first asserts that counsel should have moved to suppress the evidence on the basis that the stop of his vehicle was illegal. In this regard, Sanders indicates that the stop was based on 911 calls and he refers us to cases involving uncorroborated anonymous calls which proved not sufficiently reliable to justify a stop. Second, he asserts that counsel should have moved to suppress the evidence found in the vehicle on the basis that the warrantless search of his vehicle was illegal because it was not a proper search incident to arrest.

With regard to the legality of the stop, in his postconviction motion, Sanders cites *Florida v. J. L.*, 529 U.S. 266, 120 S. Ct. 1375, 146 L. Ed. 2d 254 (2000), in which the U.S. Supreme

Court held that an anonymous tip lacked sufficient indicia of reliability to establish reasonable suspicion for an investigatory stop. We recently discussed *Florida v. J. L.* and anonymous tips in *State v. Rodriguez*, 288 Neb. 878, 852 N.W.2d 705 (2014). Although prior to *Rodriguez*, we had not extensively discussed the current state of Fourth Amendment law with regard to anonymous tips, *Florida v. J. L.* and other precedent regarding anonymous tips existed at the time of Sanders' trial in this case. Therefore, in contrast to the novelty of a constitutional challenge to § 28-1212.04 discussed above, a Fourth Amendment challenge to evidence obtained from an illegal stop based solely on an anonymous tip would not have been a novel challenge at the time of Sanders' trial.

Reading the assertions in Sanders' motion for postconviction relief generously, Sanders suggests that the stop of his vehicle was an illegal stop because it was based on an anonymous tip. Even so reading the motion, the claim must fail because the record indicates that the traffic stop was justified and, therefore, refutes Sanders' claim regarding the propriety of the stop.

The officer who stopped Sanders testified at trial. The officer stated that he began following Sanders' vehicle after he received a dispatch regarding 911 calls reporting shots fired and a suspect vehicle that matched the description and location of Sanders' vehicle. The officer testified that while he was following Sanders' vehicle, the driver was initially following traffic laws. However, at a later point, the vehicle executed an illegal turn. The "short corner" maneuver was described in part as accelerating through a sharp turn, cutting the turn short such that the officers lost sight of the vehicle. The officer testified that thereafter, the vehicle "returned to following all traffic laws, signaling turns, [and] remain[ing] within the speed limit" and that no further "erratic driving was observed at that point."

[9,10] The testimony indicates that there was a traffic violation that gave the officer a basis to make a stop without regard to the 911 calls. We have said that a traffic violation, no matter how minor, creates probable cause for an officer to stop the driver of a vehicle. *State v. Nolan*, 283 Neb. 50, 807

N.W.2d 520 (2012). The question before us is not whether the officer issued a citation for a traffic violation or whether the State ultimately proved the violation. Instead, a stop of a vehicle is objectively reasonable when the officer has probable cause to believe that a traffic violation has occurred. *State v. Draganescu*, 276 Neb. 448, 755 N.W.2d 57 (2008). If an officer has probable cause to stop a violator, the stop is objectively reasonable and any ulterior motivation is irrelevant. *Id*. The records and files refute Sanders' assertion that there were insufficient facts to justify the stop. Thus, we conclude that the record showed that Sanders was not entitled to relief on this theory of his claim and that the district court did not err when it denied an evidentiary hearing on the claim that counsel was ineffective for failing to file a motion to suppress based on an illegal stop.

With regard to the challenge of the warrantless search of his vehicle as an incident to an arrest, Sanders cited *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), in his postconviction motion and asserts that it stands for the proposition that a warrantless search of a defendant's vehicle after a defendant has been handcuffed and placed in the back of a squad car violates the Fourth Amendment's prohibition of unreasonable searches and seizures. He argued that under *Arizona v. Gant*, the warrantless search of his vehicle after he had been arrested was illegal because he was not able to either grab a weapon or destroy evidence from the vehicle and that therefore, the search was not justified as a search incident to arrest.

[11] Sanders' reference to *Arizona v. Gant* is incomplete. The complete holding in *Arizona v. Gant* was, "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or it is reasonable to believe the vehicle contains evidence of the offense of arrest*." 556 U.S. at 351 (emphasis supplied). The record in this case indicates that at trial, officers testified that Sanders' vehicle was stopped and that he was subsequently taken into custody. Sanders was taken into custody on the basis of reports that shots had been fired at a house from a vehicle matching the

description of Sanders' vehicle. Officers looked through the window of the vehicle and observed loose ammunition in plain sight. Therefore, it was reasonable for officers to believe that Sanders' vehicle contained evidence of the offense for which Sanders as a recent occupant had been arrested.

Sanders states in his motion that "[n]o arrest [had been] made at the time of the search . . . ." He therefore argues that the warrantless search of his vehicle could not have been a search incident to arrest. However, Sanders also asserted in the motion that he had been "stopped, handcuffed, and placed in the backseat of the police cruiser." The record contains testimony at trial that prior to the search, officers had taken Sanders into custody, handcuffed him, and placed him under arrest. The record therefore shows that the search was made incident to Sanders' arrest and was based on a reasonable belief that the vehicle contained evidence of the offense for which Sanders was arrested.

The records and files in the case affirmatively show that Sanders was entitled to no relief on this claim, and we therefore conclude that the district court did not err when it denied an evidentiary hearing on Sanders' claim that counsel was ineffective for failing to move to suppress evidence based on the warrantless search of his vehicle.

## CONCLUSION

As explained above, Sanders was not entitled to an evidentiary hearing on any of his claims, and we affirm the district court's denial of his motion for postconviction relief.

AFFIRMED.

CASSEL, J., not participating.