Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/07/2017 09:08 AM CST

State of Nebraska, appellee, v.
Brian A. McCrickert, appellant.
___ N.W.2d ___

Filed February 7, 2017.    No. A-15-1161.

1. **Constitutional Law: Search and Seizure: Motions to Suppress: Appeal and Error.** In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination.

2. **Investigative Stops: Motor Vehicles: Probable Cause.** Traffic violations, no matter how minor, create probable cause to stop the driver of a vehicle.

3. **Constitutional Law: Search and Seizure: Motor Vehicles.** In determining whether the government's intrusion into a motorist's Fourth Amendment interests was reasonable, the question is not whether the officer issued a citation for a traffic violation or whether the State ultimately proved that violation.

4. **Investigative Stops: Motor Vehicles: Police Officers and Sheriffs: Probable Cause.** An officer's stop of a vehicle is objectively reasonable when the officer has probable cause to believe that a traffic violation has occurred.

5. **Probable Cause: Words and Phrases.** Probable cause is a flexible, commonsense standard that depends on the totality of the circumstances.

6. **Probable Cause: Police Officers and Sheriffs.** Probable cause is not defeated because an officer incorrectly believes that a crime has been or is being committed. But implicit in the probable cause standard is the requirement that a law enforcement officer's mistakes be reasonable.

7. **Probable Cause: Appeal and Error.** An appellate court determines whether probable cause existed under an objective standard of reasonableness, given the known facts and circumstances.

Appeal from the District Court for Seward County: James C. Stecker, Judge. Affirmed.

William J. O'Brien for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Moore, Chief Judge, and Pirtle, Judge, and McCormack, Retired Justice.

Pirtle, Judge.

## INTRODUCTION

Brian A. McCrickert appeals from his conviction for possession of marijuana, more than 1 pound, a Class IV felony. He asserts the evidence obtained during a traffic stop should have been suppressed because there was no probable cause to initiate the stop. For the reasons that follow, we affirm.

## BACKGROUND

On December 4, 2013, Sgt. Michael Vance of the Seward County sheriff's office was on duty and conducting traffic control on Interstate 80. At approximately 7 p.m., Vance observed a black vehicle traveling eastbound in the left-hand lane, also known as the passing lane, traveling at a slower speed. He observed two other vehicles using the "slow lane" to pass the vehicle on the right. Vance activated his patrol vehicle's radar and determined the vehicle in the left-hand lane was traveling at 66 miles per hour in a 75-mile-per-hour zone.

Vance pulled up near the vehicle to let the driver know that he was there and activated his patrol vehicle's in-car camera. Then Vance backed off so the driver could change lanes, but

the driver did not do so. Vance testified that he would have moved on if the vehicle had moved into the right-hand lane. At that point, Vance pulled into the left-hand lane behind the vehicle and activated his patrol vehicle's emergency lights to conduct a traffic stop. Vance testified that he made the decision to stop the vehicle because it was in violation of the Nebraska Rules of the Road. He testified that even though the vehicle was traveling under the speed limit, it was not a dangerous speed. The driver was not driving below the minimum speed allowed, nor above the maximum speed allowed. Vance stated that drivers in the inside lane are supposed to maintain the speed limit, because "[i]f you are causing cars to pass you in the right lane, it's called impeding traffic."

There was one occupant in the vehicle, and his driver's license indicated he was McCrickert. Vance issued McCrickert a warning for a traffic infraction. Vance searched the passenger compartment of the vehicle with McCrickert's consent and found approximately 3 pounds of marijuana in the trunk.

McCrickert filed a motion to suppress the evidence citing numerous grounds, including the assertion that the traffic stop was unconstitutional. Vance testified at the suppression hearing, and a DVD of the video captured by the in-car camera was admitted as an exhibit. The video shows a white van approaching McCrickert's vehicle in the left lane and using the right lane to pass.

The district court issued a "Memorandum Opinion" overruling McCrickert's motion to suppress on December 3, 2014. The court noted Vance's testimony that McCrickert violated Neb. Rev. Stat. § 60-6,131(2) (Reissue 2010) for failing to drive on the right half of the roadway and that the video confirms McCrickert was driving in the left lane and was not passing while he was driving in the left lane. The court stated that a traffic violation, no matter how minor, creates probable cause to stop the driver, and it concluded the traffic stop of McCrickert's vehicle was valid and not a violation of his rights.

On December 9, 2014, McCrickert filed a motion to reconsider urging the court to reconsider the findings in the order issued on December 3. The court granted McCrickert's motion to reconsider, but issued a memorandum opinion on December 17, concluding that the stop was valid and not a violation of McCrickert's rights.

On March 31, 2015, the parties agreed to a stipulated bench trial on the allegations in the amended information. The court read McCrickert his rights, and McCrickert indicated that he understood them. The court found that McCrickert knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing and to a jury trial. The defense requested that the court reconsider the motion to suppress and the motion in limine, and it was overruled.

The court found McCrickert guilty of count I of the amended information: possession of marijuana, more than 1 pound, a Class IV felony. On November 16, 2015, McCrickert was sentenced to 28 days' imprisonment and was given credit for the 28 days he had served. McCrickert was also ordered to pay a $5,000 fine. McCrickert timely appealed.

## ASSIGNMENT OF ERROR

McCrickert asserts the evidence obtained during the traffic stop should have been suppressed because the State failed to meet its burden to show there was probable cause or reasonable suspicion to initiate the stop.

## STANDARD OF REVIEW

[1] In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination. *State v. Rolenc, ante* p. 282, 885 N.W.2d 568 (2016).

## ANALYSIS

McCrickert asserts there was no probable cause or reasonable suspicion for Vance to initiate the traffic stop which led to the discovery of marijuana in his vehicle; thus, he argues the evidence should have been suppressed.

[2-4] Traffic violations, no matter how minor, create probable cause to stop the driver of a vehicle. *State v. Prescott*, 280 Neb. 96, 784 N.W.2d 873 (2010). See *State v. Sanders*, 289 Neb. 335, 855 N.W.2d 350 (2014). In determining whether the government's intrusion into a motorist's Fourth Amendment interests was reasonable, the question is not whether the officer issued a citation for a traffic violation or whether the State ultimately proved that violation. *State v. Prescott, supra*. Instead, an officer's stop of a vehicle is objectively reasonable when the officer has probable cause to believe that a traffic violation has occurred. *Id.*

Vance testified that he pulled the vehicle over because it was committing a traffic infraction. Vance testified that he stopped McCrickert for "impeding traffic," based upon his visual observation that McCrickert's vehicle was traveling in the left-hand lane, at a speed slower than the speed limit, and that as a result, other vehicles were forced to pass the vehicle on the right-hand side.

McCrickert challenges the use of § 60-6,131 to determine that there was probable cause to justify the traffic stop in this case. He asserts § 60-6,131(1) is inapplicable because it applies to "[divided] highways that are *not divided* into separate roadways, as the Interstate is." Reply brief for appellant at 7. He refers to *State v. Brouillette*, 265 Neb. 214, 655 N.W.2d 876 (2014), in which the Nebraska Supreme Court determined that, because the collision occurred on a four-lane divided highway, a jury instruction based on Neb. Rev. Stat. § 60-6,141 (Reissue 2010) rather than § 60-6,131 was appropriate.

He also asserts that the State relied on § 60-6,131(2) to justify the stop, which would require proof McCrickert was

driving at "less than the normal speed of traffic," and that the State did not meet this burden. Therefore, he asserts there was no legal basis for the traffic stop.

Section 60-6,131 requires vehicles to be driven on the right side of the roadway except under certain circumstances; specifically, subsection (2) states:

> Upon all roadways, any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.

In *U.S. v. Guevara*, 731 F.3d 824 (8th Cir. 2013), the U.S. Court of Appeals for the Eighth Circuit considered a factual situation similar to this case and applied § 60-6,131. In *Guevara,* the defendant was observed to be "driving in the left lane and failing to move over to the right lane for faster moving cars." 731 F.3d at 828. The Eighth Circuit determined that there was probable cause to initiate a traffic stop for improperly driving in the left lane of the Interstate. As noted by the district court for Seward County in the case at hand, *U.S. v. Guevara, supra*, is not controlling, but it is instructive in that the Eighth Circuit found the same driving which is the subject of this case to constitute probable cause, and it was sufficient to justify a stop of that defendant's vehicle.

[5,6] Even if § 60-6,131 does not, in fact, apply to incidents occurring on divided roadways, such as the Interstate, Vance still had probable cause to initiate the traffic stop of McCrickert's vehicle. In cases involving probable cause to support a warrantless arrest, the Nebraska Supreme Court has stated that probable cause is a flexible, commonsense standard that depends on the totality of the circumstances. *State v. Matit*, 288 Neb. 163, 846 N.W.2d 232 (2014); *State v. McCave*,

282 Neb. 500, 805 N.W.2d 290 (2011). Probable cause is not defeated because an officer incorrectly believes that a crime has been or is being committed. *Id.* But implicit in the probable cause standard is the requirement that a law enforcement officer's mistakes be reasonable. *Id.* Given the apparent conflict between *Brouillette* and *Guevara*, any potential mistake made by Vance with regard to the applicability of § 60-6,131 would be reasonable under these circumstances.

The Nebraska statutes also include a provision which states: "No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law." Neb. Rev. Stat. § 60-6,193(1) (Reissue 2010).

[7] It is not clear which statute Vance relied upon in initiating the stop of McCrickert's vehicle. However, the Nebraska Supreme Court has stated that an appellate court determines whether probable cause existed under an objective standard of reasonableness, given the known facts and circumstances. *State v. McCave, supra.*

In this case, the evidence shows that Vance objectively believed that a traffic violation had occurred, because he observed McCrickert's vehicle to be impeding the flow of traffic on the roadway. Specifically, Vance observed McCrickert's vehicle driving in the left-hand lane, while other vehicles were forced to pass McCrickert's vehicle using the right-hand lane. The video from Vance's in-car camera shows at least one vehicle, a white van, used the right-hand lane to pass McCrickert's vehicle. Vance's report and testimony indicate McCrickert was traveling 66 miles per hour in a 75-mile-per-hour zone. Vance initiated a traffic stop and notified McCrickert that he would receive a warning for impeding traffic. The evidence shows that Vance had probable cause to believe that a traffic violation had occurred, and this was sufficient to justify the initial stop of McCrickert's vehicle.

Thus, the stop was valid and not a violation of McCrickert's rights. The district court did not err in overruling McCrickert's motions to suppress which were based on the allegation that the stop was initiated without probable cause.

## CONCLUSION

A traffic violation, no matter how minor, creates probable cause to stop the driver; thus, the traffic stop of McCrickert's vehicle was valid and not a violation of his constitutional rights. For the reasons stated above, we affirm the decision of the district court for Seward County in its entirety.

Affirmed.