IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PODRAZO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

NICHOLAS J. PODRAZO, APPELLANT.

Filed October 8, 2019.    No. A-18-802.

Appeal from the District Court for Douglas County: JAMES T. GLEASON, Judge. Affirmed.

Robert B. Creager, Anderson, Creager & Wittstruck, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Nicholas J. Podrazo appeals the order of the district court for Douglas County which denied his motion for postconviction relief without an evidentiary hearing. We affirm.

BACKGROUND

A jury convicted Podrazo of first degree sexual assault and attempted first degree assault in 2013. After trial but before sentencing, Podrazo filed a motion for new trial. As relevant to this appeal, he argued that he was entitled to a new trial because of juror misconduct. Podrazo asserted that a legal assistant for his trial counsel contacted the Douglas County Jury Commissioner's office prior to trial and requested copies of the questionnaires which had been completed by the jurors summoned for the jury panel. The request was denied at that time, but on the morning of the first day of trial, counsel received a list of the names and addresses of the 40 jurors who had been selected as potential jurors for his trial.

- 1 -

The parties conducted voir dire, but neither party requested the court reporter to transcribe it. After trial concluded, Podrazo's counsel researched the members of the jury and, based on information she discovered, concluded that several members of the jury had not truthfully answered voir dire questions. As a result, she filed a motion for new trial and argued that several jurors had been victims of sexual abuse and/or filed for protection orders, but evidence supporting that argument, although offered, was not received by the court. Podrazo argued that he was entitled to a new trial because had his attorney received basic information on the jury pool prior to trial, she could have completed her research and learned potentially relevant information on the jurors before conducting voir dire. Given the information she was able to learn about the jurors, she would not have allowed certain jurors to be seated on the jury.

The district court denied Podrazo's motion for new trial. He was sentenced to 40 to 50 years' imprisonment for the sexual assault conviction and a consecutive term of 10 to 16 years' imprisonment for attempted assault. He appealed his convictions and sentences and was represented by the same counsel who represented him at trial. This court affirmed the convictions. See *State v. Podrazo*, 21 Neb. App. 489, 840 N.W.2d 898 (2013).

In February 2015, Podrazo, represented by new counsel, filed a verified motion for postconviction relief. He alleged that his trial counsel was ineffective for failing to timely seek a court order for access to juror information, failing to request that the court reporter record voir dire, and failing to properly "settle" the bill of exceptions regarding alleged juror misconduct. The district court denied postconviction relief without an evidentiary hearing. Podrazo appeals.

## ASSIGNMENTS OF ERROR

Podrazo assigns that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018).

## ANALYSIS

Podrazo claims that the district court erred when it denied his claims of ineffective assistance of counsel without conducting an evidentiary hearing. He specifically asserts that counsel should have (1) secured juror information prior to trial, (2) requested an official record of the voir dire examination, and (3) requested that the bill of exceptions be "settled." We disagree.

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Henderson, supra*. On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the movant was entitled to relief by having made the requisite showing. Instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing. *Id*.

A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.*

When, as here, a defendant was represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *State v. Henderson, supra*. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Dragon, supra*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id.*

To prove that counsel's performance was deficient, the defendant must prove that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Henderson, supra*.

In addressing the "prejudice" component of the *Strickland* test, a court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *State v. Dragon, supra*. To show prejudice under the prejudice component of the *Strickland* test, there must be a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. *State v. Dragon, supra*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Podrazo makes three claims of ineffective assistance of counsel: that counsel should have (1) secured juror information prior to trial, (2) requested an official record of the voir dire examination, and (3) requested that the bill of exceptions be settled. We conclude that the district court did not err when it rejected such claims without an evidentiary hearing.

The district court found that Podrazo's claim that counsel should have sought a court order allowing access to juror information was refuted by the record and case law. The court concluded that because the juror information was eventually received, counsel was not deficient by merely failing to get the information at an earlier time. The court additionally concluded that even if counsel was deficient in failing to request the juror information by court order prior to trial, Podrazo suffered no prejudice because trial counsel had the ability to ask about any information that would have been in the questionnaire during voir dire.

Upon our de novo review, we agree with the district court's determination that the record and case law refute Podrazo's claim that trial counsel was ineffective in failing to seek a court order for pretrial access to juror information. The information in the juror questionnaires, other than that contained in the detachable confidential juror information section of the questionnaire, should be made available upon request to an attorney involved in the jury trial. *Huber v. Rohrig*, 280 Neb. 868, 791 N.W.2d 590 (2010). However, there is no requirement that a trial counsel obtain juror information prior to trial.

The Nebraska Supreme Court has determined that a trial court's erroneous denial of a party's request for juror questionnaires as an aid to effective voir dire and jury selection was

harmless error where the party was able to conduct in-person voir dire of the jurors and obtain information comparable to that provided on the juror questionnaires. See *Huber v. Rohrig, supra*. Here, we understand Podrazo's position that he did question jurors during voir dire, but that several of them were not forthcoming about information he deems relevant toward his selection of the members of the jury. However, if research done on the jurors during trial revealed any inconsistencies in the answers given during voir dire, counsel could have then filed a motion to discharge a particular juror from the jury and replaced the juror with an alternate. Accordingly, we conclude that the district court did not err in denying this claim without an evidentiary hearing.

Podrazo's next claim alleges that trial counsel was ineffective for failing to request that voir dire be recorded. The district court noted that the motion for postconviction relief stated that the recording of the voir dire examination would have made a record from which counsel could establish that jurors gave false or misleading answers to relevant questions which could reasonably have been grounds for a new trial. Based on this allegation, the district court concluded that Podrazo failed to set forth sufficient facts to show that inclusion of the voir dire transcript would have changed the outcome of the motion for new trial. The court observed that Podrazo never articulated how inclusion of the transcript from voir dire would have changed the outcome of his motion for new trial; specifically, the postconviction motion does not allege what questions were asked by counsel during jury selection regarding protection orders.

We agree with the district court that because this claim alleges only conclusions of fact or law, no evidentiary hearing was required. Podrazo failed to allege to which jurors he was referring, what questions were asked of the jurors, and what information the jurors failed to disclose which would support his claim of juror misconduct. See, e.g., *State v. Threet*, 231 Neb. 809, 438 N.W.2d 746 (1989), *disapproved on other grounds, State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004) (affirming dismissal of postconviction motion without evidentiary hearing on basis claims were conclusory where identity of proposed witnesses and substance of their testimony was not pled). In addition, Podrazo does not allege how proof that certain jurors lied or misled the court during jury selection would have changed the outcome of his motion for new trial, and the district court, which ruled on the motion for new trial, specifically found that even if Podrazo had established juror misconduct in the manner he alleged it occurred, success on his motion for new trial was unlikely. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Podrazo also asserts that "[t]o the extent that any error was made by counsel in failing to take down the voir dire examination," there were other remedies available to trial counsel to perfect the record, including "settling" the bill of exceptions pursuant to Neb. Rev. Stat. § 25-1140 (Reissue 2016) and Neb. Ct. R. § 2-105(B)(5) (rev. 2018). Brief for appellant at 14. Although a bit unclear, it appears that Podrazo argues that counsel should have moved to have the bill of exceptions amended to include the voir dire examination so that the trial court, and an appellate court, could determine whether any juror misconduct occurred. The problem here is that voir dire was not recorded; thus, there is no transcription of those proceedings that could be included in the bill of exceptions. The record cannot be supplemented with what does not exist. *State v. Bowen*, 244 Neb. 204, 505 N.W.2d 682 (1993). Therefore, the court did not err in denying an evidentiary hearing on this claim.

Podrazo raises two additional arguments that we need not address. He first claims that he was prejudiced by the failure of trial counsel to preserve the issues raised in the postconviction proceeding. He notes that this is a claim that simply preserves the merits of the underlying claims in the event that they are found to be in procedural default. Having found no procedural default, it is unnecessary to address this claim. Podrazo also asserts that if we conclude that counsel was ineffective for failing to request that voir dire be recorded but invoke evidentiary rules or conclude that no prejudice can be established because voir dire was not recorded, the process is fundamentally unfair and violates his due process rights. Because we determined that the district court did not err in denying the claim that counsel was ineffective regarding the recordation of voir dire, we need not address this claim either. See *State v. Goynes*, 303 Neb. 129, 927 N.W.2d 346 (2019) (appellate court is not obligated to engage in analysis not necessary to adjudicate case and controversy before it).

## CONCLUSION

Having found that the record supports the district court's denial of Podrazo's postconviction motion without an evidentiary hearing, we affirm the district court's order.

AFFIRMED.