768 N.W.2d 453 (2009)
278 Neb. 173
STATE of Nebraska, appellee,
v.
Michael J. GUNTHER, appellant.
No. S-08-631.
Supreme Court of Nebraska.
July 24, 2009.
*454 Donald L. Schense, of Law Office of Donald L. Schense, Omaha, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Michael J. Gunther appeals the denial of his motion for postconviction relief without an evidentiary hearing. On appeal, Gunther claims that he received ineffective assistance of standby counsel at his trial, entitling him to postconviction relief. Because we conclude that the standby counsel issue does not raise a constitutional claim, we affirm the denial of postconviction relief without an evidentiary hearing.

STATEMENT OF FACTS
At his trial in 2005, Gunther waived his right to counsel and elected to represent himself. The district court for Sarpy County ordered standby counsel to be available to assist him. Gunther was convicted by a jury of first degree murder and use of a firearm to commit a felony. The court sentenced Gunther to life imprisonment without parole on the murder conviction and to imprisonment for 10 to 20 years on the firearm conviction and ordered *455 the sentences to be served consecutively.
Gunther was represented by counsel on direct appeal to this court. On appeal, Gunther asserted, inter alia, that the district court erred in allowing him to waive his right to counsel and to proceed to trial on his own. We rejected his assignments of error and affirmed his convictions and his sentence on the firearm conviction, but we found error in his sentence of life imprisonment without parole on the murder conviction, and we remanded the cause with directions to sentence Gunther to life imprisonment on the murder conviction. State v. Gunther, 271 Neb. 874, 716 N.W.2d 691 (2006).
On April 22, 2008, Gunther filed a pro se motion for postconviction relief. Gunther alleged four grounds for relief: (1) that he was denied a meaningful direct appeal, (2) that the trial court conducted an improper competency evaluation, (3) that he was provided ineffective assistance of standby counsel at trial, and (4) that the trial court committed judicial misconduct in various respects. Gunther requested an evidentiary hearing and appointment of postconviction counsel.
The district court denied Gunther's motion for postconviction relief without an evidentiary hearing and did not appoint postconviction counsel. Regarding Gunther's first ground for relief, the court found that Gunther had had his direct appeal to this court. Regarding Gunther's second ground for relief, the court found that issues regarding the competency evaluation were discussed in this court's opinion on direct appeal and that the procedure was "approved" by this court. The court also found that even if the specific competency evaluation issue raised by Gunther was not addressed in the opinion, the issue could have and should have been raised in the direct appeal and was therefore procedurally barred in this postconviction action. Regarding Gunther's third ground for relief, the court found that Gunther elected to represent himself at trial; that on direct appeal, this court found his waiver of counsel to be valid and noted no plain error with respect to standby counsel; and that Gunther elected to bear the risks inherent in choosing to represent himself. Regarding Gunther's final ground for relief, the court found that all the issues raised by Gunther regarding alleged judicial misconduct could have been raised on direct appeal and that this court found those issues that were raised on direct appeal lacked merit. The court concluded that the judicial misconduct issues were procedurally barred in this postconviction action.
Gunther appeals the denial of his motion for postconviction relief. Gunther is represented by counsel in this appeal.

ASSIGNMENT OF ERROR
Gunther asserts that the district court erred in failing to find that he received ineffective assistance of standby counsel at trial and in therefore denying his motion for postconviction relief without an evidentiary hearing.

STANDARDS OF REVIEW
A defendant requesting postconviction relief must establish the basis for such relief, and the district court's findings will not be disturbed unless they are clearly erroneous. State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008).

ANALYSIS
We note first that although Gunther makes the global assertion that the court erred in denying his motion for postconviction relief without an evidentiary hearing, Gunther's arguments in his brief are limited to only one of his claims for relief: that he was provided ineffective *456 assistance of standby counsel at trial. Gunther made no argument either in his brief or at oral argument with regard to the direct appeal and judicial misconduct issues. At oral argument, Gunther made arguments with regard to the competency evaluation issue but he did not specifically assign error or specifically argue the issue in his brief. To be considered by an appellate court, an error must be both specifically assigned and specifically argued in the brief of the party asserting the error. Malchow v. Doyle, 275 Neb. 530, 748 N.W.2d 28 (2008). We therefore do not address the other claims for postconviction relief which Gunther alleged in his petition.
Gunther argues that the district court erred when it rejected his claim that he received ineffective assistance of standby counsel at trial. As explained below, we conclude that Gunther's claim of ineffective assistance of standby counsel as alleged in this case does not assert a constitutional ground for postconviction relief and that therefore, the district court did not err when it denied relief without an evidentiary hearing.
In his motion for postconviction relief, Gunther asserted that he was denied effective assistance of counsel due to the failings of his standby trial counsel. Gunther generally asserted that standby counsel was ineffective for failing to make objections or advise Gunther to make objections at appropriate times. Gunther's allegations of ineffective assistance of counsel are limited to allegations regarding the performance of counsel as standby counsel; Gunther did not allege ineffective assistance of counsel prior to the time he waived his right to counsel.
In a motion for postconviction relief under the Nebraska Postconviction Act, Neb.Rev.Stat. §§ 29-3001 through 29-3004 (Reissue 2008), the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. State v. Jim, 275 Neb. 481, 747 N.W.2d 410 (2008). The question therefore is whether Gunther's allegations that standby counsel provided ineffective assistance, if proved, would constitute a denial or violation of his constitutional rights. We conclude that Gunther's allegations would not constitute the denial or violation of his constitutional rights entitling him to postconviction relief.
A claim for ineffective assistance of counsel in a postconviction action generally arises from the right to counsel secured by the 6th and 14th amendments to the U.S. Constitution and Neb. Const. art. I, § 11. However, we noted in Gunther's direct appeal that a "defendant who elects to represent himself or herself cannot thereafter complain that the quality of his or her own defense amounted to a denial of effective assistance of counsel." State v. Gunther, 271 Neb. 874, 888, 716 N.W.2d 691, 704 (2006) (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). See, Wilson v. Parker, 515 F.3d 682, 696 (6th Cir.2008) ("[l]ogically, a defendant cannot waive his right to counsel and then complain about the quality of his own defense"); Williams v. Stewart, 441 F.3d 1030, 1047 n. 6 (9th Cir.2006) ("[h]aving failed to show that his decision to represent himself was involuntary, [defendant] cannot claim that he was denied the effective assistance of counsel at trial"). When one validly waives one's constitutional right to counsel, he or she cannot thereafter seek postconviction relief based on the denial or violation of that constitutional right.
In this case, Gunther's request to represent himself was granted. The decision to represent oneself is a choice exercised by a defendant, and the appointment *457 of standby counsel to assist a pro se defendant is within the discretion of the trial court. State v. Wilson, 252 Neb. 637, 564 N.W.2d 241 (1997); State v. Green, 238 Neb. 328, 470 N.W.2d 736 (1991). It has been stated and we agree that "a pro se defendant does not enjoy an absolute right to standby counsel" and "a defendant does not have a right to standby counsel of his own choosing." U.S. v. Webster, 84 F.3d 1056, 1063 (8th Cir.1996). See, also, U.S. v. Einfeldt, 138 F.3d 373, 378 (8th Cir. 1998) ("[t]here is no constitutional right to hybrid representation" in which defendant represents himself or herself but is assisted by standby counsel on technical aspects of trial such as objections).
Relief afforded under the Nebraska Postconviction Act, §§ 29-3001 through 29-3004, is limited to the denial or violation of constitutional rights. Although we have not previously analyzed it, the issue of whether standby counsel's performance is subject to the constitutional right to effective assistance of counsel has been considered by other courts. In this regard, we note that various federal courts have reasoned that a defendant cannot assert a federal constitutional violation based on ineffective assistance of standby counsel. E.g., Simpson v. Battaglia, 458 F.3d 585, 597 (7th Cir.2006) ("inadequacy of standby counsel's performance, without the defendant's relinquishment of his [right to self-representation], cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment"); U.S. v. Schmidt, 105 F.3d 82, 90 (2d Cir.1997) ("[a]bsent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective"); Johnson v. Quarterman, 595 F.Supp.2d 735, 750 (S.D.Tex.2009) ("[a]lthough the court may appoint standby counsel to assist a pro se defendant, there is no constitutional right to the effective assistance of such counsel"). We agree with the reasoning of the foregoing federal authorities and numerous similar cases not cited here which conclude that there is no federal Sixth Amendment constitutional right to effective assistance of standby counsel. We adopt such reasoning and, by extension, now hold that there is no right to effective assistance of standby counsel under Neb. Const. art. I, § 11.
For completeness, we note that the Court of Appeals for the Second Circuit recognized a possible exception to the general rule that there is no constitutional claim for ineffective assistance of standby counsel. The court stated, "Perhaps in a case where standby counsel held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings, we would consider a claim of ineffective assistance of standby counsel." U.S. v. Schmidt, 105 F.3d at 90. Gunther, however, makes no allegation or argument that standby trial counsel effectively acted as his lawyer after he waived his right to counsel. In Gunther's direct appeal, we noted that
the record clearly demonstrates that although standby counsel was present and advised Gunther at times during the trial, Gunther was allowed to control the organization and content of his own defense, make his own motions, argue points of law, participate in voir dire, question witnesses, and address the court and the jury at appropriate points in the trial.
State v. Gunther, 271 Neb. 874, 890, 716 N.W.2d 691, 704 (2006). Therefore, in this case, we are not required to determine whether the potential exception mentioned by the Second Circuit exists for cases where standby counsel effectively acted as counsel.
Because Gunther elected to represent himself and waived his constitutional right to counsel, Gunther's allegations of ineffective assistance of counsel serving *458 only as standby counsel would not constitute an infringement of his constitutional rights to effective assistance of counsel under the U.S. or Nebraska Constitution. Under the Nebraska Postconviction Act, §§ 29-3001 through 29-3004, an evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the U.S. or Nebraska Constitution. State v. Jim, 275 Neb. 481, 747 N.W.2d 410 (2008). However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. Id. Gunther alleges only conclusions that standby counsel, who is not alleged to have in fact served as trial counsel, provided ineffective assistance of standby counsel. Such allegations, if proved, would not entitle Gunther to postconviction relief, and the district court did not err in rejecting such claims without an evidentiary hearing.

CONCLUSION
We conclude that the district court did not err when it concluded that Gunther's claims of ineffective assistance of standby counsel do not constitute a denial or violation of constitutional rights and would not entitle him to postconviction relief. We therefore affirm the court's denial of postconviction relief without an evidentiary hearing.
AFFIRMED.