## VI. CONCLUSION

For the reasons discussed, we affirm McGuire's convictions and sentences.

Affirmed.

Heavican, C.J., and Cassel, J., not participating.

———————

State of Nebraska, appellee, v.
Todd S. Baker, appellant.

___ N.W.2d ___

Filed August 30, 2013.    Nos. S-12-1180, S-12-1181.

1. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.
2. **Postconviction: Constitutional Law.** A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief.
3. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from post-conviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
4. **Postconviction: Constitutional Law: Proof.** In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.
5. ____: ____: ____. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.
6. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an eviden-tiary hearing.
7. **Constitutional Law: Effectiveness of Counsel.** A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial.
8. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance

actually prejudiced the defendant's defense. An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order.

9.  **Effectiveness of Counsel: Appeal and Error.** In addressing the "prejudice" component of the test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.

10. **Effectiveness of Counsel: Proof: Words and Phrases.** To show prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the petitioner must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

11. **Effectiveness of Counsel: Mental Competency: Proof.** In order to demonstrate prejudice from counsel's failure to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found the defendant incompetent had a competency hearing been conducted.

Appeals from the District Court for Lancaster County: John A. Colborn, Judge. Affirmed.

Todd S. Baker, pro se.

Jon Bruning, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

In each of these two cases, Todd S. Baker appeals the order of the district court for Lancaster County which denied his motion for postconviction relief without an evidentiary hearing. Baker, acting pro se, sought relief with respect to two separate convictions for first degree murder, for which he was serving consecutive life sentences. Because Baker failed to allege facts that show he was entitled to relief and the record refutes his claims, we affirm the denials of his motions.

## STATEMENT OF FACTS

In 2006, Baker was found by a jury to be guilty of first degree murder; he was sentenced to life imprisonment. A

notice of appeal was filed, but Baker later withdrew the appeal. In 2007, Baker pled guilty to a separate charge of first degree murder; he was sentenced to serve a life sentence consecutive to the life sentence in his first conviction.

In case No. S-12-1180, Baker filed a pro se motion for postconviction relief with respect to his 2006 murder conviction. He claimed that he received ineffective assistance of counsel, in that counsel (1) failed to appeal the overruling of his plea in abatement, (2) allowed him to waive his right to a speedy trial, (3) failed to request a mental evaluation, and (4) allowed him to withdraw his appeal. He also generally claimed that counsel was ineffective with respect to a motion to recuse the trial judge. He further claimed that there was prosecutorial misconduct because the prosecution did not call to the court's attention that he was mentally incompetent to stand trial. He finally claimed that the court erred when it failed to order a competency evaluation.

In case No. S-12-1180, the court sustained the State's motion to deny an evidentiary hearing and dismissed Baker's motion for postconviction relief. The court concluded with respect to Baker's assertions of ineffective assistance of counsel that (1) with respect to the motion to recuse, Baker made a mere allegation of ineffective assistance without a showing that counsel's performance was deficient or that Baker was prejudiced; (2) the overruling of a plea in abatement is not appealable and that therefore, the fact that counsel did not attempt to appeal the order was not deficient performance; and (3) the record showed the trial court thoroughly inquired into Baker's decision to waive his speedy trial rights and that Baker made no showing that counsel's performance was deficient or that he was prejudiced. With regard to Baker's claims that counsel, the prosecution, and the trial court violated his rights by failing to deal with the issue of his competency, the postconviction court noted that Baker's claim was simply that he was too medicated to be competent. The postconviction court noted that medication is often necessary to treat a defendant's mental ailments and does not necessarily render the defendant incompetent. The postconviction court noted

that the trial court had ample opportunity to observe Baker over the course of the proceedings and that the record demonstrated Baker had the capacity to understand the nature and object of the proceedings against him and could make a rational defense.

In case No. S-12-1181, Baker filed a pro se motion for postconviction relief with respect to his 2007 murder conviction. He claimed that he received ineffective assistance of counsel, in that counsel (1) allowed his right to a speedy trial to be violated and (2) failed to request a mental evaluation. He further claimed that there was prosecutorial misconduct because the prosecution did not call to the court's attention that Baker was mentally incompetent to stand trial. He finally claimed that the court erred when it failed to order a competency evaluation.

In case No. S-12-1181, the court sustained the State's motion to deny an evidentiary hearing and dismissed Baker's motion for postconviction relief. The court noted that there was no violation of Baker's speedy trial rights, because the record showed that he was arraigned, pled guilty, and was sentenced all in one hearing. The court concluded, therefore, that there was no ineffective assistance of counsel with respect to speedy trial rights. With regard to Baker's claims that counsel, the prosecution, and the trial court violated his rights by failing to deal with the issue of his competency, the postconviction court noted that, as in case No. S-12-1180, Baker's claim was simply that he was too medicated to be competent. The postconviction court similarly noted that the record showed the trial court thoroughly questioned Baker before accepting his plea, that his answers were appropriate, and that there was nothing that should have caused counsel or the court to doubt Baker's competence.

Baker appeals the denials of his motions for postconviction relief without evidentiary hearings in each of these two cases.

## ASSIGNMENT OF ERROR

In each case, Baker claims, restated, that the district court erred when it denied his motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

[1-3] In appeals from postconviction proceedings, we independently resolve questions of law. *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012). A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief. *Id*. Thus, in appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012); *State v. Edwards, supra*.

## ANALYSIS

Baker claims in each appeal that the district court erred when it denied postconviction relief without conducting an evidentiary hearing. We find no merit to Baker's assignment of error in either appeal.

[4] The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010); *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Gunther*, 278 Neb. 173, 768 N.W.2d 453 (2009); *State v. Jim*, 275 Neb. 481, 747 N.W.2d 410 (2008).

[5,6] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or

federal Constitution. *State v. Watkins, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

[7,8] A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. See *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Robinson, supra*. An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

[9,10] In addressing the "prejudice" component of the *Strickland* test, an appellate court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *State v. Robinson, supra*. To show prejudice under the prejudice component of the *Strickland* test, the petitioner must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Robinson, supra*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

We note that in case No. S-12-1180, a notice of appeal from the underlying conviction in 2006 was filed but the appeal was withdrawn. Baker alleged that his counsel was ineffective in allowing him to withdraw the appeal. We read this as a claim that counsel, as appellate counsel, provided ineffective assistance because, by allowing him to withdraw the appeal, counsel failed to raise issues of trial error on appeal. In case No. S-12-1181, there is no indication that Baker filed a direct appeal from his plea-based conviction in 2007. In his postconviction motion, however, he makes a general claim that he was denied effective assistance of counsel on direct appeal. Given the lack of clarity in his motion, for purposes of the present

analysis only, we will read this as a claim that appellate counsel was ineffective.

Given our interpretation of Baker's motions, because Baker's trial counsel was also his appellate counsel in each case, these postconviction proceedings are his first opportunity to assert claims that his trial counsel provided ineffective assistance. See *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012). These claims are layered ineffectiveness claims—i.e., a claim that his appellate counsel was ineffective for failing to raise claims of his trial counsel's ineffective assistance. When a case presents layered claims of ineffective assistance of counsel, we determine whether the petitioner was prejudiced by his or her appellate counsel's failure to raise issues related to his or her trial counsel's performance. *Id*. See, also, *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011). If the trial counsel did not provide ineffective assistance, then the petitioner cannot show prejudice from the appellate counsel's alleged ineffectiveness in failing to raise the issue on appeal. See *id*.

The bulk of Baker's claims in both case No. S-12-1180 and case No. S-12-1181 concerns his assertion that a hearing should have been held to determine whether he was competent to stand trial. He claims that counsel was ineffective for failing to request a hearing, that it was misconduct for prosecutors to fail to request a hearing, and that the trial court erred when it failed to order a hearing. Also, his claims that counsel was ineffective with respect to allowing him to waive a speedy trial and allowing him to withdraw his appeal in case No. S-12-1180 are based on his argument that he was not competent to make such decisions.

[11] We have stated that in order to demonstrate prejudice from counsel's failure to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found the defendant incompetent had a competency hearing been conducted. See *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011). No prejudice is evident in this case. Baker merely alleged that he was on various medications at the time of his trials and that such medication made

him incompetent. He listed various medications he was taking and listed the possible side effects of such medications, but he made no allegations of fact to the effect that he suffered particular side effects or other narrative to support his claim that such medications made him incompetent. As the district court noted, Baker's claims of incompetence are contradicted by the record in each case, wherein the trial court observed Baker and had no reason to doubt his competence. The trial court questioned Baker regarding his competence and specifically addressed the effect of the medications on his competence. Because the allegations and the record do not show that Baker would have been found incompetent, he failed to show that counsel was ineffective for failure to request a hearing. For the same reason, his allegations surrounding prosecutor misconduct or trial court error with respect to competence are also without merit.

Baker made other claims of ineffective assistance of counsel in each case, including his claim in case No. S-12-1181 that counsel was ineffective with respect to speedy trial issues and his claims in case No. S-12-1180 that counsel was ineffective with respect to the motion to recuse and the plea in abatement. We conclude that the district court did not err when it rejected such claims without an evidentiary hearing. In each case, Baker's allegations of ineffective assistance of trial counsel are conclusory, are refuted by the record, and are not pleaded in enough detail to warrant an evidentiary hearing. We therefore conclude that Baker did not allege sufficient facts which, if proved, would establish a reasonable probability that the outcome of his case would have been different but for his trial counsel's alleged deficient performance.

As stated above, Baker's trial counsel was also his appellate counsel, and therefore, we must determine whether Baker was prejudiced by his appellate counsel's alleged failure to raise on appeal issues related to his trial counsel's effectiveness at trial. Based on our conclusion that Baker's trial counsel was not ineffective, we conclude that Baker cannot show prejudice from his appellate counsel's alleged ineffectiveness in failing to raise these issues on direct appeal. See *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

## CONCLUSION

Baker's motions for postconviction relief in these two cases do not allege facts which constitute a denial of his constitutional rights, and, as to certain allegations, the record refutes his claims. Therefore, the district court did not err when it denied Baker's motion for postconviction relief in each case without an evidentiary hearing.

Affirmed.