State of Nebraska, appellee, v.
Aaron L. Determan, appellant.
___ N.W.2d ___

Filed January 27, 2015.    No. A-13-756.

1. **Appeal and Error.** In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.
2. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.
3. **Postconviction: Constitutional Law.** A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief.
4. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from post-conviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
5. **Effectiveness of Counsel: Appeal and Error.** Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that an appellate court reviews independently of the lower court's decision.
6. **Postconviction: Final Orders.** Within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing. In other words, an order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim.
7. **Postconviction: Effectiveness of Counsel: Appeal and Error.** Where a defendant alleges multiple postconviction claims of ineffective assistance of counsel including a claim that counsel was deficient in failing to timely file, or otherwise timely perfect, a direct appeal, the district court shall make its determination regarding the claim regarding the direct appeal, including holding an evidentiary hearing if the court determines that an evidentiary hearing is necessary, prior to addressing the defendant's other postconviction claims.

Appeal from the District Court for Saline County: Vicky L. Johnson, Judge. Judgment vacated, and cause remanded for further proceedings.

Jeffrey A. Gaertig, of Carlson, Schafer & Davis, P.C., L.L.O., for appellant, and Aaron L. Determan, pro se.

Jon Bruning, Attorney General, and Melissa R. Vincent for appellee.

Inbody, Riedmann, and Bishop, Judges.

Inbody, Judge.

## INTRODUCTION

Aaron L. Determan appeals the portion of the decision of the Saline County District Court denying his motion for post-conviction relief without an evidentiary hearing on his claims that trial counsel failed to object to the State's breach of a plea agreement, failed to properly effectuate a continuance of the sentencing hearing, failed to advise him of the requirement of corroboration for a plea-based drug conviction, and stipulated to corroboration. The court determined that an evidentiary hearing was required regarding Determan's remaining claim, that his trial counsel was ineffective for failing to timely perfect his direct appeal.

## STATEMENT OF FACTS

*Previous Case.*

Determan was charged with unlawful manufacture or distribution of a controlled substance, a Class III felony. A jury trial was set for February 27 and 28, 2013; however, on February 26, Determan appeared with counsel and waived his right to a jury trial. The following day, Determan entered a plea of guilty to the charged offense. The only plea agreement in this case was that the State would not make a sentencing recommendation other than to submit the matter based on the information contained in the presentence investigation report (PSR). The State provided the following factual basis: On June 14, 2011, Determan made contact with an informant who had been cooperating with the Nebraska State Patrol regarding drug investigative matters. Determan and the informant had been texting back and forth during the afternoon hours of June 14, and an agreement was reached for Determan to deliver 2 grams of hashish to the informant. The informant, in cooperation with the Nebraska State Patrol, was transported by a State Patrol investigator to a location

in Wilber, Saline County, Nebraska, at which point he proceeded to the door of a residence and had a brief discussion with Determan. At that point, there was an exchange where Determan provided to the informant a plastic baggie containing a brown substance which looked like hashish. Hashish is a derivative of a Schedule I drug that also has tetrahydrocannabinol (THC) in it. The informant provided $60 to Determan for the transaction. The informant then got back into the State Patrol vehicle and delivered the substance to the State Patrol investigator. The substance was analyzed by the Nebraska State Patrol laboratory, which showed the substance to be THC, a Schedule I drug, which is a controlled substance under Nebraska law.

Upon the reading of the factual basis, the following colloquy occurred among the district court, defense counsel, and Determan:

> THE COURT: Anything to add as far as the facts are concerned, [defense counsel]?
>
> [Defense counsel]: No, Your Honor.
>
> THE COURT: Do you stipulate there was sufficient corroboration?
>
> [Defense counsel]: Yes.
>
> THE COURT: . . . Determan, have you heard what the county attorney believes his evidence would be in this case?
>
> [Determan]: Yes, ma'am.
>
> THE COURT: Do you have any disagreement with anything that he has said?
>
> [Determan]: No, ma'am.
>
> THE COURT: Did you do the things that he says that you did?
>
> [Determan]: Yes, ma'am.

The district court accepted Determan's plea and found him guilty of the charged offense. The court ordered a presentence investigation and instructed Determan to contact the probation office by no later than 3 p.m. the following Friday to schedule an appointment. The court also advised Determan that if he failed to show up for his appointment, it was possible the

probation office would not be able to complete the PSR in time for his sentencing hearing, and that that "[would not] help" Determan.

On February 27, 2013, Determan called the probation office and left a voice mail indicating that he needed to schedule an appointment. Support staff attempted to contact Determan at the number provided, but were unable to make contact with Determan. The following day, the probation officer assigned to conduct Determan's presentence interview sent a letter to Determan advising him that his appointment was scheduled for March 11 at 12:30 p.m. Determan failed to appear for his appointment and did not call to reschedule it. On March 12, the probation officer contacted Determan by telephone to discuss his missed appointment. Determan explained that he had been in the emergency room with a toothache and was unable to attend his appointment. The probation officer scheduled a second appointment, for March 19 at 2 p.m., and reminded Determan that he needed to complete his paperwork and bring it with him. On March 18, Determan called the probation officer and advised her that he was having car problems and was attempting to find a ride. The probation officer reminded Determan that his appointment was not until 2 p.m. the following day. On the day of his appointment, Determan arrived at the probation office 40 minutes late and did not have his paperwork with him. The probation officer advised Determan that she could not meet with him, due to her other scheduled appointments. She further advised Determan to contact his attorney, because she would not have time to interview him prior to the PSR's being due. She also provided him with another copy of the paperwork that he needed to complete. The probation officer completed the PSR without interviewing Determan. The PSR included an older PSR prepared in March 2011 in connection with a different case.

At the sentencing hearing held on April 15, 2013, the court noted that it had received and reviewed the PSR prepared by the probation department. Although Determan's counsel stated that he had reviewed the PSR, he noted that Determan had been unable to complete his portion of the presentence investigation. Determan's counsel made an oral motion to continue

the sentencing hearing to allow Determan to complete the pre-
sentence investigation interview. The prosecutor opposed the
continuance, noting that Determan had substantial opportuni-
ties to complete his portion of the presentence investigation,
that this was not the first time Determan had been required
to submit to a presentence investigation, and that Determan
"knows the routine." The prosecutor further suggested that
Determan's request for a continuance was "just another delay
tactic." The court denied the motion to continue the sentencing
hearing, noting:

> It is routinely my practice when I take a plea to advise
> defendants that it is their obligation to contact probation
> as soon as possible, that if they don't appear when they're
> supposed to, that it can delay the [PSR] preparation. I
> don't have any specific recollection of doing so with . . .
> Determan, but I am certain that I did.

After his request for a continuance was denied, Determan
sought and received permission to supplement the PSR
through testimony. Determan testified that he had attempted
to check himself into a drug rehabilitation program 3 weeks
earlier but was denied admission because he had not yet
obtained an evaluation. He further testified that he had been
employed by a roofing company since being released from
incarceration in October 2012, but that he was currently
unemployed because his boss had passed away the previous
week. Determan testified that his father had a job for him
"starting in May and ending in November" and that he was
prepared to obtain a substance abuse evaluation and to seek
necessary treatment.

Following Determan's testimony, the district court sought
remarks from the State, which offered the following: "Your
Honor, the State reviewed the [PSR]. It does set forth suf-
ficient information to allow the Court to make an adequate
and appropriate decision on [Determan], and I will submit it
based upon that information." Prior to imposing sentence, the
district court stated that it had considered the following fac-
tors in determining Determan's sentence: (1) the nature and
circumstances of the current offense; (2) Determan's criminal
history, which included 15 infractions, 28 misdemeanors, and

three felonies—two of which resulted in incarceration and one of which resulted in placement on probation, from which he received an unsatisfactory release; (3) his unemployed status; and (4) his failure to obtain a substance abuse evaluation when given the opportunity. The court then sentenced Determan to 8 to 10 years' imprisonment with credit for 7 days served.

Following his sentencing, Determan, assisted by the same counsel that represented him during his plea and sentencing, timely filed a notice of appeal. However, because Determan's poverty affidavit was not filed under 32 days after his sentencing, we dismissed his direct appeal for lack of jurisdiction on June 28, 2013, in case No. A-13-441.

*Current Case.*

In August 2013, Determan filed a verified motion for postconviction relief alleging, inter alia, that trial counsel was ineffective for (1) failing to timely file his direct appeal; (2) failing to object when the prosecutor violated the terms of the plea agreement; (3) failing to file a written motion to continue the sentencing hearing, failing to object when his oral request to continue the sentencing hearing was denied, and failing to properly present to the court mitigating factors supporting probation or a more lenient sentence; and (4) failing to advise him of the deficiencies in the State's required corroborating evidence, stipulating to an inadequate factual basis, and advising him to do the same. He contends that absent the acts and omissions of his trial counsel, he would have chosen to go to trial rather than plead guilty to the State's factual basis premised upon inadmissible evidence.

On August 22, 2013, the district court filed an order denying in part, and granting in part, Determan's request for postconviction relief. The court granted Determan's request for an evidentiary hearing with regard to the untimely filing of his appeal. However, the court dismissed the remaining claims contained in Determan's motion for postconviction relief.

Regarding the second allegation, failing to object when the prosecutor violated the terms of the plea agreement, the court found:

The record reflects that the prosecutor made an objec-
tion when [Determan] moved to continue. He submit-
ted the case for sentencing based on the [PSR]. This
is in exact accord with his agreement. This portion of
the Motion [for postconviction relief] is dismissed as
[Determan] cannot show that the attorney's performance
was deficient.

Regarding the third allegation, failing to file a written
motion to continue the sentencing hearing, failing to object
when his oral request to continue the sentencing hearing was
denied, and failing to properly present to the court mitigating
factors supporting probation or a more lenient sentence, the
court found:

The record is clear that [Determan's] counsel moved
to continue the sentencing hearing. The State objected.
[That] motion was overruled. This portion of the Motion
[for postconviction relief] is dismissed as [Determan] can-
not show that the attorney's performance was deficient.

. . . .

The record reflects that [Determan's] counsel did argue
mitigating facts. [Determan] testified. This portion of
the Motion [for postconviction relief] is dismissed as
[Determan] cannot show that the attorney's performance
was deficient.

Regarding the fourth allegation, failing to advise him of the
deficiencies in the State's required corroborating evidence and
stipulating to an inadequate factual basis and advising him to
do the same, the court found:

In colloquy with the Court, [Determan] stated that
he understood all of the written information provided
to him from his counsel. He also stated that he had told
his attorney everything that he knew about the case, that
his counsel had discussed trial strategies and defense,
that he was satisfied with the advice of his attorney. His
counsel stipulated that there was sufficient corroboration
when the factual basis was related by the prosecutor.
[Determan] then indicated that he had no disagreement
with anything stated by the prosecutor and admitted
that he had engaged in the acts stated by the prosecutor.

This portion of the Motion [for postconviction relief] is dismissed as [Determan] cannot show that the attorney's performance was deficient.

## ASSIGNMENTS OF ERROR

Determan contends the district court erred in denying him an evidentiary hearing on his postconviction claims of ineffective assistance of trial counsel regarding counsel's failure to object to the State's breach of the plea agreement, failure to properly effectuate a continuance of the sentencing hearing, failure to advise him of the requirement of corroboration for a plea-based drug conviction, and stipulation to corroboration.

[1] We note that in his brief, Determan argues that trial counsel was ineffective for failing to object to the district court's reliance on a 2010 PSR; however, he did not assign this as error. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *State v. Green*, 287 Neb. 212, 842 N.W.2d 74 (2014).

## STANDARD OF REVIEW

[2-4] In appeals from postconviction proceedings, we independently resolve questions of law. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014); *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013). A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief. *State v. Dragon, supra*; *State v. Baker, supra*. Thus, in appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Dragon, supra*; *State v. Baker, supra*.

[5] Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that we review independently of the lower court's decision.

*State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012); *State v. Hernandez*, 22 Neb. App. 62, 847 N.W.2d 111 (2014).

## ANALYSIS

[6] Within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing. *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014). In other words, an order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim. *Id*. Thus, Determan's postconviction claims which were denied by the district court are properly before this court for review.

[7] However, before addressing Determan's assigned errors, we are compelled to note that we have addressed the issue of the preferred procedural practice when a defendant's motion for postconviction relief raises multiple issues regarding ineffective assistance of counsel, one of which is counsel's failure to timely file, or otherwise timely perfect, his direct appeal. We previously held in *State v. Seeger*, 20 Neb. App. 225, 822 N.W.2d 436 (2012), that where a defendant combines all of his claims of ineffective assistance of counsel in a postconviction action including a claim that counsel was ineffective in failing to timely file a direct appeal, judicial economy may be served by deferring ruling on the balance of postconviction claims until after an evidentiary hearing on the entitlement to a new direct appeal has been held.

> If a new direct appeal is granted, the remaining postconviction claims could be dismissed as premature and thereafter raised in the direct appeal. If a new direct appeal is not granted, then the court could issue a final order addressing all of the claims and the appellant would be required to file only one appeal.

*Id*. at 230-31, 822 N.W.2d at 442. Despite our previous pronouncement on this issue, the piecemeal determination of postconviction claims where there is a claim of the ineffectiveness of counsel for failing to timely perfect a direct appeal is obviously a continuing issue. Therefore, we are now setting forth that where a defendant alleges multiple postconviction

claims of ineffective assistance of counsel including a claim that counsel was deficient in failing to timely file, or otherwise timely perfect, a direct appeal, the district court shall make its determination regarding the claim regarding the direct appeal, including holding an evidentiary hearing if the court determines that an evidentiary hearing is necessary, prior to addressing the defendant's other postconviction claims. We also note that although the issue is not directly presented to us, judicial economy would be best served by following this same procedure in all postconviction cases where the district court determines that an evidentiary hearing is needed on one or more of the defendant's claims but not on other claims.

## CONCLUSION

Based on our ruling, we find that the district court erred in ruling on the balance of Determan's postconviction claims prior to holding an evidentiary hearing on his entitlement to a new direct appeal, and therefore, the decision of the district court denying Determan's motion for postconviction relief without an evidentiary hearing on his second, third, and fourth claims is vacated and this cause is remanded for further proceedings.

JUDGMENT VACATED, AND CAUSE REMANDED
FOR FURTHER PROCEEDINGS.

---

IN RE ESTATE OF MARY ANN CLINGER, DECEASED.
ORIN M. CLINGER ET AL., APPELLANTS, V.
SHAUN CLINGER, PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARY ANN CLINGER,
DECEASED, ET AL., APPELLEES.

___ N.W.2d ___

Filed January 27, 2015.    No. A-13-769.

1. **Rules of the Supreme Court: Appeal and Error.** A party filing a cross-appeal must set forth a separate division of the brief prepared in the same manner and under the same rules as the brief of appellant.