IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MERRILL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DUSTY L. MERRILL, APPELLANT.

Filed January 3, 2017.    No. A-15-917.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Dusty L. Merrill, pro se.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN and BISHOP, Judges, and MCCORMACK, Retired Justice.

RIEDMANN, Judge.

## I. INTRODUCTION

Following a plea of no contest, Dusty L. Merrill was found guilty of one count of possession of a deadly weapon by a prohibited person. The district court of Douglas County sentenced him to 18 to 20 years' imprisonment, with credit for 345 days. Merrill appealed his sentence to this court, and we summarily affirmed. Merrill then filed a motion for postconviction relief in the district court, which was overruled without an evidentiary hearing. Merrill now appeals to this court. Following our review of the record, we affirm.

## II. BACKGROUND

On August 25, 2013, Omaha police responded to a call regarding a shooting. During the investigation, a witness identified the shooter as Dusty Merrill. Officers then travelled to Merrill's

residence. There, they obtained consent to search and during the course of their search, officers found two firearms in a drawer within Merrill's living area. Merrill is prohibited from possessing any firearms due to his status as a convicted felon. Merrill was subsequently placed under arrest.

Initially, Merrill was charged with assault in the second degree, two counts of use of a deadly weapon (firearm) to commit a felony, discharging a firearm while in or in proximity of any motor vehicle, at any person, dwelling, building, structure or occupied motor vehicle, and possession of a deadly weapon by a prohibited person. Pursuant to a plea agreement with the State, Merrill entered a plea of no contest to the possession of a deadly weapon by a prohibited person charge and the State dismissed the remaining counts. The district court sentenced Merrill to 18 to 20 years' imprisonment with credit for 345 days, noting that he had an extensive criminal record and a history of gun-related charges. At sentencing, the district court judge also commented that Merrill "denies that he shot anybody. The evidence is clear that he shot somebody" and that he is "lucky he's not charged with a homicide and not convicted of the four counts that were dismissed in this case."

Merrill then directly appealed, assigning as error that his sentence was excessive. In his brief, Merrill argued that, in imposing its sentence, the district court improperly considered and relied upon information in the presentence investigation report (PSI) regarding his alleged involvement in the charges that were dismissed. Specifically, he pointed to letters from the victim and her family members as being unfairly prejudicial.

On March 3, 2015, in case No. A-14-733, this court summarily affirmed Merrill's sentence, finding that the sentence was within the statutory limits and that the district court may consider dismissed charges in imposing a sentence.

Merrill then filed a pro se motion for postconviction relief with the district court. This motion was accompanied by a motion to recuse, asking that the district court judge recuse himself on the grounds he was biased and potentially vindictive towards Merrill as evidenced by his statements at sentencing. The district court denied Merrill's motion to recuse, finding that he had failed to show why the judge would be disqualified. The court then overruled Merrill's motion for postconviction relief without an evidentiary hearing, finding that the record showed that he was not entitled to relief as to some of his claims and that other of his claims were merely conclusory. Merrill now appeals to this court.

### III. ASSIGNMENTS OF ERROR

Merrill assigns, restated, that (1) the district court erred in denying his motion for postconviction relief without an evidentiary hearing; (2) the district court erred in denying his motion to recuse; (3) there was a material breach of the plea agreement during sentencing; and (4) counsel at trial and on direct appeal provided ineffective assistance.

### IV. STANDARD OF REVIEW

An appellant requesting postconviction relief must establish the basis for such relief and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). In appeals from postconviction proceedings, the appellate court will review de novo a determination that the appellant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files

affirmatively show that he or she is entitled to no relief. *Id.* Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law, which an appellate court will review independently of the lower court. *Id.*

A motion requesting a judge to recuse himself or herself is initially addressed to the discretion of the judge to whom the motion is directed. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004). An order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *Id.*

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Branch*, 290 Neb. 523, 860 N.W.2d 712 (2015). While an appellate court reviews the factual findings of the lower court for clear error, it reviews determinations as to counsel's performance or prejudice to the appellant independently of the lower court's findings. *Id*.

## V. ANALYSIS

### 1. EVIDENTIARY HEARING

Merrill first assigns that the district court erred in denying his motion for postconviction relief without granting him an evidentiary hearing. Specifically, he argues that the court erred by not granting an evidentiary hearing on five individual claims. These claims consist of several ineffective assistance of counsel claims as well as Merrill's claim that the district court erred by considering certain information contained in the PSI, which constituted a breach of the plea agreement.

A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the appellant's rights under the Nebraska or U.S. Constitution. *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013). But if a postconviction motion contains only conclusions of fact or law, or if the records and files in the case affirmatively show that the appellant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.*

After reviewing the record, we find that it shows Merrill was not entitled to relief on any of the following claims; therefore, the district court did not err in denying his motion for postconviction relief without an evidentiary hearing.

### (a) Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the appellant must establish that his or her counsel's performance was deficient and that such deficient performance actually prejudiced the appellant's defense. See *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. In convictions based upon pleas, "'in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. at 627, 798 N.W.2d at 841, quoting *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

### (i) Petition for Further Review

Merrill first argues that his counsel rendered ineffective assistance due to his failure to petition for further review after this court's decision on direct appeal. Merrill claims that he requested that his counsel file for further review and his counsel failed to do so.

The United States Supreme Court has held that states must appoint counsel to represent indigent defendants in first appeals of right. *State v. Mata*, 273 Neb. 474, 730 N.W.2d 396 (2007). However, the right to counsel does not extend to discretionary appeals to a state's highest court. *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016). Instead, the Nebraska Supreme Court has held that the right to counsel is limited to a criminal defendant's first appeal as of right. *State v. Mata, supra*. A defendant who exercises his first appeal of right to the Court of Appeals is not subsequently entitled to further review by the highest court nor to the assistance of counsel in filing the petition requesting further review. *Id.* As such, a criminal defendant seeking further review after already exercising his first appeal of right cannot be deprived of effective assistance of counsel and his retained counsel's failure to petition for further review cannot constitute grounds for postconviction relief. *State v. Robertson, supra*.

Since Merrill did not have a right to further review of his case after the decision of this court on direct appeal, he also had no right to counsel to file for further review on his behalf. His counsel therefore could not have rendered ineffective assistance by not petitioning for further review of this court's decision. We therefore find that the record established that Merrill was not entitled to relief on this claim and the court did not err in failing to grant an evidentiary hearing on this issue.

### (ii) Admission and Acquiescence of Merrill's Guilt

Merrill next claims that "defense counsel rendered ineffective assistance-suborn admission and acquiesce appellant's guilt absent informing appellant in so doing." Brief for appellant at 15. This is the entirety of Merrill's argument on this issue. Because we are unable to decipher his claim, and he presents no articulate argument to support it, we decline to address it.

### (iii) Failure to Challenge Information in PSI, Resulting in Breach of Plea Agreement

Merrill next argues that the district court erred in denying him an evidentiary hearing on his claim of ineffective assistance of counsel on the basis that his counsel failed to challenge the information in the PSI regarding the dismissed charges, which resulted in a breach of the plea agreement. He claims that, at sentencing, the district court considered improper material relating to his alleged involvement in the four charges dismissed pursuant to the plea agreement. Specifically, he points to the inclusion of several letters from the victim and her family members in the PSI as unduly prejudicial and as a material breach of the plea agreement.

However, on direct appeal in case No. A-14-733, we determined that it was not error for the sentencing court to consider information related to dismissed charges. Because it was not improper for the sentencing court to consider the information, Merrill's counsel could not have been ineffective for failing to challenge its inclusion. See *State v. Benzel*, 269 Neb. 1, 689 N.W.2d 852 (2004) (counsel not ineffective for failing to raise inappropriate challenge at sentencing hearing).

Regarding Merrill's claim that his counsel's failure to challenge the information in the PSI resulted in a breach of the plea agreement, this claim is procedurally barred because Merrill did not present it to the district court in his motion for postconviction relief. While he presented the claim that his counsel was ineffective in failing to challenge the information in the PSI (which we address above), this is the first time that Merrill has made any argument regarding a breach of the plea agreement. In a postconviction motion, an appellate court will not consider as an assignment of error a claim that was not first presented to the district court. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). We therefore decline to review this argument.

### *(iv) Failure to Assign Error on Direct Appeal* ###
### *Regarding Breach of Plea Agreement* ###

Merrill next argues that the district court should have granted him an evidentiary hearing on his claim that his counsel was ineffective in failing to assign error on direct appeal that the State and trial court breached the plea agreement. However, Merrill did not raise this allegation in his motion for postconviction relief in the district court. Thus, this court will not consider or review it. See *State v. Sellers, supra* (appellate court will not consider as assignment of error a claim that was not presented to district court).

### (b) District Court Erred in Considering Information in PSI, ###
### Resulting in Breach of Plea Agreement ###

In his postconviction motion, Merrill asserted several actions by the sentencing court which he contends are reflective of plain error and abuse of discretion. On appeal, however, he raises only that the court erred "when it allowed and considered impermissible [sic] material and information that was irrelevant and prejudicial, constituting a material breach of the plea agreement during the sentencing phase." Brief for appellant at 16. Consequently, we address only this issue.

As stated above, Merrill did not assert that consideration of the letters from the victim and her family constituted a breach of the plea agreement in the lower court; therefore, we do not address that aspect of his argument. To the extent he claims it was error for the court to allow and consider the letters, there was no objection by his counsel to the inclusion of these letters. More importantly, we have previously determined that receipt of these items was not improper. Therefore, it was not error for the sentencing court to consider them and the postconviction court did not err in denying an evidentiary hearing on this claim.

### 2. RECUSAL ###

Merrill next assigns that the district court erred in denying his motion to recuse. Along with his motion for postconviction relief, Merrill filed a motion requesting that the judge, who oversaw his plea and sentencing, recuse himself due to possible bias and vindictiveness. In his motion to recuse, Merrill states that his motion for postconviction relief is based in part upon "irregularities, errors, and improprieties that [Merrill] avers the court in this matter committed." He further asserts that "because there is an implication [in his] postconviction motion concerning said court-judge comporting to possible or potential violations of the Nebraska Code of Judicial Conduct (encompassing its Canon of Ethics), recusal becomes all the more integral and necessary in the

interest of all concerned." Merrill does not cite any specific act by the sentencing judge in his motion to recuse and no particular section of the Nebraska Code of Judicial Conduct is identified in Merrill's postconviction motion.

The district court denied the motion to recuse on the basis that Merrill failed to show why the judge would be disqualified, and Merrill now appeals. Specifically, Merrill claims evidence of the judge's bias exists in a statement made during sentencing which he describes as an "egregious statement that [the judge] believed that appellant had committed the shooting when the evidence and statements proved otherwise." Brief for appellant at 23. Merrill does not quote the specific language of this statement in his brief, but in his motion for postconviction relief he identifies several pages of the bill of exceptions in support of his statement that "the lower court displayed an overwhelming disposition conveying its personal belief of matters that were not germane to the case before it involving defendant, as exhibited from the record during the sentencing proceeding." Included within these pages is the following statement by the sentencing judge:

> He denies that he shot anybody. The evidence is clear that he shot somebody. She wound up in the hospital. He's lucky he's not charged with a homicide and not convicted of the four counts that were dismissed in this case . . . I don't think there's any question that he used a gun in this situation. And I think the defendant's criminal history and coupled with what happened on the night in question makes it clear he's a dangerous person and the very reason the legislature determined that his possession of firearms under the circumstances would be a Class IC [sic] felony.

The right to an impartial judge is guaranteed under the Due Process Clause of the 14th Amendment to the U.S. Constitution and the due process clause of the Nebraska Constitution. *State v. Thomas, supra*. An order overruling a party's motion requesting a judge to recuse himself or herself will be affirmed on appeal absent a record that establishes bias or prejudice as a matter of law. *Id.* A party seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *Id*. In order to demonstrate that a judge should have recused himself or herself, the moving party must demonstrate that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. *State v. Nolan*, 283 Neb. 50, 807 N.W.2d 520 (2012).

Merrill sought to disqualify the sentencing judge from overseeing his postconviction case. However, the Nebraska Supreme Court has stated that a judge who has presided at trial is not automatically disqualified from later presiding over a postconviction action. *State v. Sims*, 272 Neb. 811, 725 N.W.2d 175 (2006). In concluding no basis for disqualification existed in *State v. Sims, supra*, the Nebraska Supreme Court relied in part upon *U.S. v. Battle*, 235 F.Supp.2d 1301 (N.D.Ga. 2001). In *U.S. v. Battle*, the defendant sought disqualification of the trial and sentencing judge from presiding over his subsequent postconviction case. The basis in part was a statement made by the judge to the jury after it had decided to impose the death penalty as the proper sentence. One juror recalled "the judge thanking us and telling us that she thought we made the right decision." *Id*. at 1341. The postconviction court denied the motion to recuse, citing the seminal case of *Liteky v. U.S*., 510 U.S. 540, 114 S.Ct. (1994). There, the Supreme Court held that "where the grounds asserted as establishing bias are not derived from outside (extrajudicial)

sources, the movant must prove that the complained-of actions 'displayed deep-seated and unequivocal antagonism that would render fair judgment impossible'. *Id.* at 556, 114 S.Ct. 1147." *United States v. Battle*, 235 F. Supp. 2d at 1341.

In the present case, the sentencing judge's alleged bias was derived from letters and information obtained during sentencing and Merrill has not proven that the judge's statements displayed deep-seated and unequivocal antagonism toward him. The appropriate inquiry here is whether a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. *State v. Nolan*, *supra*.

While we do not condone judicial speculation or the statement of personally held beliefs as to a criminal defendant's guilt or innocence on charges that have been dismissed, we conclude that the sentencing judge's comments would not cause a reasonable person to question his impartiality in a subsequent postconviction action because the sentence ultimately imposed adequately reflects Merrill's "serious and extensive" criminal record and his history of gun-related offenses dating back to when he was a juvenile. Merrill pled no contest to a Class 1D felony, which is punishable by a mandatory minimum sentence of 3 years in prison and a maximum sentence of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Merrill was sentenced to 18 to 20 years' imprisonment, which is squarely within the statutory limits and is on the lower end of the sentencing range. Therefore, a reasonable person with knowledge of all the circumstances would not question the judge's impartiality.

Consequently, we find that Merrill has not overcome the presumption of judicial impartiality and therefore we find no merit in this assignment of error.

### 3. MATERIAL BREACH OF PLEA AGREEMENT

Merrill next assigns that the district court erred because the records and files of this matter show that there was a material breach of the plea agreement at the time of sentencing. Merrill argues that due to such breach, he should be allowed to either withdraw his plea or demand specific performance of the plea agreement by way of being resentenced before a different judge.

This claim is procedurally barred because Merrill did not present it to the district court. Once again, this appeal is the first time that Merrill has made any claim that there was a material breach of the plea agreement. An appellate court will not consider an assignment or error that was not presented to the district court. See *State v. Sellers, supra*. We therefore decline to address this assignment of error.

### 4. INEFFECTIVE ASSISTANCE OF COUNSEL

Merrill claims that his counsel during the original proceedings and on direct appeal rendered ineffective assistance; however he only argues counsel's failure to challenge and assign as error on appeal the inclusion of information regarding the dismissed charges in the PSI. He essentially restates his argument from his assignment of error that the district court erred in not granting an evidentiary hearing on this issue. We have already addressed this argument and rejected it. This assigned error is without merit.

## VI. CONCLUSION

Following our review of the record, we find Merrill's assignments of error to be without merit and therefore affirm the district court's ruling.

 AFFIRMED.