IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JANOUSEK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JONATHAN JANOUSEK, APPELLANT.

Filed May 26, 2020.    No. A-19-752.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Jonathan Janousek, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

PIRTLE, Judge.

INTRODUCTION

Jonathan Janousek appeals from an order of the district court for Douglas County which denied his motion for postconviction relief without an evidentiary hearing. Based on the reasons that follow, we affirm.

BACKGROUND

Based on a plea agreement, Janousek pled guilty to two charges of robbery, Class II felonies, in two separate cases in Douglas County. In exchange for his pleas, the State dismissed another charge that had been filed in one of the cases. Janousek was sentenced to 20 to 30 years' incarceration for each robbery charge, and the sentences were ordered to run consecutively.

Janousek's trial counsel filed a direct appeal, arguing only that his sentences were excessive. We summarily affirmed. Janousek subsequently filed a pro se motion for postconviction

- 1 -

relief. In his motion, he alleged that his trial counsel was ineffective in the following ways: (1) failing to bring the issue of Janousek's competence to the court's attention at the plea and sentencing hearings, (2) failing to advise him of the possible defense of not guilty by reason of insanity or question his competence to stand trial, (3) failing to push the trial court to hold a competency hearing after his suicide attempt, and (4) failing to object when the State breached the plea agreement at the sentencing hearing by not standing silent and not recommending concurrent sentences on the two charges.

The trial court denied Janousek's motion for postconviction relief without an evidentiary hearing. The court found that his arguments were either not pled with specific facts, the record affirmatively established his claims were without merit, or they were procedurally barred.

## ASSIGNMENTS OF ERROR

Restated, Janousek assigns that the trial court erred in (1) finding that the record refutes his allegation that the State violated the plea agreement by failing to recommend concurrent sentences and remaining silent at the time of sentencing, (2) finding that a "global plea agreement" did not include an agreement that the sentences for the two Douglas County cases would run concurrent with each other and finding that the "global plea agreement" had no bearing on the sentences it imposed, and (3) denying his postconviction motion for lack of sufficient facts to prove prejudice in regard to counsel's failure to request a competency hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

## ANALYSIS

In a postconviction action brought by a defendant convicted because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id.* In addition, although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, when a defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *Id.* Janousek was represented by the same lawyer at trial and on direct appeal, and therefore his claims are not procedurally barred.

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*,

466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Armendariz, supra.* Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.* When a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.* The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id.*

*Terms of Plea Agreement.*

Janousek first assigns that the trial court erred in finding that the record refutes his allegation that the State violated the plea agreement by failing to recommend concurrent sentences and remaining silent at the time of sentencing. The court found that the record refutes his claim because it shows that those two issues were never part of the plea agreement. Therefore, his trial counsel could not be ineffective for failing to object to the State's breach of the plea agreement, as there was no breach.

Janousek's claim that the State violated the plea agreement is based on comments made by the State at sentencing. At the sentencing hearing, the State noted that Janousek was charged with two robberies, one involving a handgun and the other a knife, and that he had a criminal history, and then stated that it recommended a straight sentence. Janousek's counsel did not object.

As the trial court found, the record from the plea hearing reflects that remaining silent and recommending concurrent sentences were not part of the plea agreement. At the beginning of the plea hearing, the State told the court that Janousek was going to plead guilty to one count of robbery in each of the two cases and that the State would dismiss the other charge. No other conditions were set forth. Janousek's counsel agreed with the State's description of the plea agreement. Further, the court asked Janousek if the State's description reflected his understanding of the agreement and he indicated that it did. The court also explained the possible sentences that could be imposed and that the court had the discretion of running the sentences in the two cases either concurrently or consecutively and explained what that meant. Janousek indicated that he understood.

Janousek claims that neither his counsel nor the State ever stated the actual details of the plea agreement and that the court should have questioned the parties about the details of the plea agreement and each party's understanding of it. He contends that he was told numerous times that a recommendation for concurrent sentences in the present two cases was part of the plea agreement. However, as previously stated, the court asked both Janousek and his counsel if the State's explanation of the plea agreement was their understanding of the plea and they both indicated that it was. They were given the opportunity to bring up any additional elements of the plea agreement and neither of them did. The court also told Janousek at the start of the plea hearing that he could speak with his counsel at any time during the plea hearing. He could have discussed the alleged terms of the plea agreement with his counsel if he thought there were other terms that had not been mentioned.

Janousek further argues that the court failed to ask him if any promises were made to him as part of the plea agreement. However, the record indicates otherwise. After stating that the plea agreement had been placed on the record, the court asked Janousek if anyone had told him or led him to believe that if he entered into the plea agreement that he would get anything in return or promised him that he would be rewarded or get a specific sentence. Janousek replied, "No, your honor." The Nebraska Supreme Court has previously held that when a defendant had unequivocally represented to the court at the plea hearing that no promises were made by anyone regarding the sentence to be imposed, the defendant was not entitled to an evidentiary hearing on his postconviction claim to the contrary. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014).

As the trial court found, the record at the plea hearing refutes Janousek's allegations that the State violated the plea agreement and therefore his counsel was not ineffective in failing to object to the alleged breach. We conclude that the court did not err when it denied this claim without an evidentiary hearing.

*Global Plea Agreement.*

Janousek next assigns that the trial court erred in finding that a "global plea agreement" did not include an agreement that the sentences in the two Douglas County cases at issue would be concurrent and that the global agreement had no bearing on the Douglas County sentences. This assignment of error is related to the first assignment of error in that it involves an alleged agreement that the State would recommend concurrent sentences.

Janousek was waiting to be sentenced for two charges in Sarpy County at the time of sentencing in the present case. At the sentencing hearing in this case, the court asked Janousek's counsel if there was anything she or Janousek wanted to say in regard to sentencing. Janousek's counsel stated, "My understanding is that the recommendation is that the sentence [Janousek] receives today will run currently [sic] with the sentence in Sarpy County." The court subsequently asked if Sarpy County had agreed to have its sentences run concurrent to the Douglas County sentences. Janousek's counsel stated that there had been a "global meeting" between herself and Douglas and Sarpy County prosecutors and they agreed they "would all recommend concurrent time on the 4 cases. . . . [T]he four of us agreed that we would jointly recommend concurrent sentences to the Court." The court then noted that since it was the first county in the agreement to sentence Janousek, the global agreement really did not have an impact at that time. It stated that it would be up to Sarpy County at the time of its sentencing to order its sentences to run concurrent with the Douglas County sentences. Janousek's counsel indicated that was correct.

> In the trial court's order denying postconviction relief, the court stated in a footnote:
> The Court notes that while an agreement to have these Douglas County sentences run concurrently was never made, trial counsel did bring up a global agreement to have the sentences from multiple counties run concurrently during her sentencing argument. However, it was then acknowledged that Douglas County was the first county to sentence, so the global agreement had no bearing on this sentence.

Janousek argues that pursuant to the global agreement the Douglas County prosecutor agreed that he would recommend concurrent sentences in the two Douglas County cases. However, that is not what the record from the sentencing hearing reflects. Janousek's counsel indicated that

the global agreement was that it would be recommended that the Douglas County sentences and the Sarpy County sentences would be concurrent. She agreed with the court's assessment that the global agreement had no bearing on the sentences it imposed because it was the first county to sentence Janousek and it would be up to Sarpy County to order its sentences to run concurrent with the Douglas County sentences.

Based on the record, we cannot say that the court erred in finding that the global agreement did not include an agreement that the Douglas County sentences would run concurrently.

*Competency Hearing.*

Finally, Janousek assigns that the trial court erred in denying his postconviction motion for lack of sufficient facts to prove prejudice in regard to counsel's failure to insist on a competency hearing. The trial court found that Janousek was not entitled to an evidentiary hearing on the issue of competency because he failed to state sufficient facts to establish that he was incompetent and, also, because the record from the plea hearing refuted that he was incompetent.

In order to demonstrate prejudice from counsel's failure to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found the defendant incompetent had a competency hearing been conducted. *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013).

A person is competent to plead or stand trial if he or she has the capacity to understand the nature and object of the proceedings against him or her, to comprehend his or her own condition in reference to such proceedings, and to make a rational defense. *State v. Vo*, 279 Neb. 964, 783 N.W.2d 416 (2010). The test of mental capacity to plead is the same as that required to stand trial. *Id.* A court is not required to make a competency determination in every case in which a defendant seeks to plead guilty or to waive his or her right to counsel; a competency determination is necessary only when a court has reason to doubt the defendant's competence. *Id.*

The record establishes that Janousek clearly has mental health issues and tried to commit suicide in the days or weeks before the plea hearing. His mental health condition was discussed at both the plea hearing and the sentencing hearing, and the court found that he was competent at those times.

At the plea hearing the court asked him if he had ever been treated for a mental illness or if he suffered from any type of mental disability. Janousek indicated that he did suffer from mental illness. He explained that when he was a child he was kidnapped, robbed, and sexually assaulted, and suffers from post-traumatic stress disorder as a result of those experiences. Janousek stated that he was taking prescription medications for his post-traumatic stress disorder and specifically identified what those were. He stated that the medications were being administered to him in jail and he had taken his medication that day. He also indicated he had not consumed any alcohol or taken any other drugs in the past 24 hours, and that he felt clear headed and ready to proceed, as he had been on medication for nine months. The court also asked counsel if she had any concerns about Janousek's ability to proceed with the plea hearing. Janousek's counsel indicated that she spoke with Janousek before the hearing and he seemed oriented. Janousek appeared to understand further information given and questioning by the court about entering a plea and his answers were consistent with the questions posed. There was no indication that he did not understand or was

confused by what was going on. Janousek had the capacity to understand the nature and object of the proceedings against him and to comprehend his own condition.

We agree with the court's determination that the record does not support Janousek's claim that counsel was ineffective for failing to seek a competency hearing at the plea hearing. We further determine that the record refutes any claim that Janousek was incompetent at the time of sentencing.

At the sentencing hearing, Janousek's counsel initially indicated some concern about Janousek's capacity to be sentenced. She asked the court if it would inquire as to Janousek's capacity to proceed to make sure he was ready and competent to be sentenced. The court asked counsel if she had concerns about Janousek's capacity to proceed that day. Counsel responded that based on Janousek's behavior that day, she did not have concerns. Her concern was based on letters she had recently received from Janousek. However, she stated that she had had a discussion with him that day and that he was oriented as to time and place. The court then asked counsel if she wanted to speak with Janousek before going forward and she did. After speaking with Janousek, counsel stated that based on his responses she was ready to proceed with sentencing, and she had no concerns about his mental health at that time or his ability to understand the proceedings. She noted that he was being medicated and his responses to her were appropriate.

The court then made its own inquiry into Janousek's mental status. She asked Janousek what medications he was taking and Janousek was able to name medications he has tried but had to quit taking because of side effects, as well as the medications he was taking at the time. He further stated that he had been on one of the medications for several weeks and a longer time period for the others. He stated that he is evaluated by medical staff every week and sometimes every other week. The court next asked Janousek if he had sufficient time that day to talk with his counsel about proceeding with sentencing, and he indicated that he had. He further indicated to the court that he understood he was convicted of serious charges and facing serious prison time and that he felt ready to proceed with sentencing. The court was satisfied with Janousek's responses and proceeded with sentencing.

As the trial court found, no prejudice is evident as the record of Janousek's answers during the plea hearing refute he was incompetent. The record also shows that Janousek was competent at the sentencing hearing. The "trigger" for a competency hearing under Nebraska law has been set forth as follows: If at any time while criminal proceedings are pending facts are brought to the attention of the court, either from its own observation or from suggestion of counsel, which raise a doubt as to the sanity of the defendant, the question should be settled before further steps are taken. "'However, although a hearing on the issue is sometimes said to be obligatory, if a reasonable doubt is raised, the doubt referred to is a doubt arising in the mind of the trial judge, as distinguished from uncertainty in the mind of any other person.'" *State v. Johnson*, 4 Neb. App. 776, 793-94, 551 N.W.2d 742, 754 (1996), quoting *State v. Cortez*, 191 Neb. 800, 218 N.W.2d 217 (1974).

The record in this case refutes that a competency hearing was warranted, and therefore counsel was not ineffective for failing to request one.

## CONCLUSION

For the reasons stated above, we affirm the trial court's decision to deny Janousek's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.